HOLLY *against* RATHBONE.

*A.* an overseer of the poor, had the management and control of the property of *B.* a *pauper*, and received moneys belonging to her, in consideration of which he promised *C.* to pay him a debt due to him from *B.* This was held a valid undertaking, it being an express promise in writing, and founded on a valuable consideration.

On a return to a *certiorari*, the promise on which the suit below was brought, was presumed to be an express promise in writing, when no fact appeared to the contrary.

IN error, on *certiorari*, from a justice's court. *Rathbone* sued *Holly* before a justice, and in his declaration stated, that *Holly* was one of the overseers of the poor of *Camden*, and, as such, has received certain moneys of *Elizabeth Potter*, a *pauper* of that town, and expected to receive more moneys which belonged to the *pauper*, and that in consideration thereof, he promised to pay to the plaintiff a certain debt due from *Elizabeth Potter* to the plaintiff; and that *Holly* did, in fact, receive moneys of the pauper sufficient in amount to pay the debt of the plaintiff.

The defendant pleaded *non assumpsit*, and the statute of frauds.

It was proved that *Holly*, as overseer of the poor, had the management of the property of the *pauper*, and had received money belonging to her; and on that account made the promise to the plaintiff, and had paid him 70 cents in part of the debt, and engaged to pay the residue, being 4 dollars. The justice gave judgment for the plaintiff below.

*Clark*, for the plaintiff in error, cited 1 *Term Rep.* 72. 2 *Vesey*, 341. 6 *Bro. P. C.* 45. *Ambler*, 586. *Roberts on Frauds*, 138. 140.

*H. Bleecker*, contra, cited 1 *Comyn on Contracts*, 26. *Bull. N. P.* 129. 2 *East*, 507. *Cowper*, 284. 289.

*Per Curiam.* As it appeared from the proof that *Holly* was not only the overseer of the poor, but that he actually had the management and control of the property of the *pauper*, and as a trustee, with the fund in hand, made a promise, the case comes within the doctrine in *Beecker* v. *Beecker*. (7 *Johns. Rep.* 99.)

The promise is to be taken to have been an express promise in writing, as the plaintiff in error has not called for any fact from the justice, to rebut that presumption. This was said, in *Beecker* v. *Beecker*, to be the acknowledged rule. The promise was one which *Holly* ought, in duty, as trustee, to have performed; and it was founded on a valuable consideration. The judgment ought to be affirmed.