Per Curiam.

The plaintiff consigned goods to the defendants# who were merchants residing at Martinique, and the goods were sold by the defendants for, and on account of, the plaintiff, in January, 1809. In April following the defendants wrote to the plaintiff, and remitted to him the account of sales, and authorize him to value qn them for the amount, or give orders upon the subject. The plaintiff, instead of drawing upon them for the balance of the account, requests them to procure English government bills to remit. The defendants, in their letter of June, 1810, say that they have not been able to procure any, and again authorize the plaintiff to draw on them, and his draft shall meet due honour; and they also offer to procure him bills of individuals upon the English government, It was also proved that there was a discount of from 10 to 12 1-2 per cent.; on remittances from Martinique to Nerv-York, and that by the usage of trade the consignee was to receive instructions as to the mode of remittance. Before there had been any default or laches shown, on the part of the defendants, and after repeated offers on their part to pay or remit according to order, the plaintiff commenced his suit. The defendants, in the character of consignees or factors, were bound to pursue the directions of their principal, and after apprizing him of the sale, to wait for those directions. Until a default on their part, they were not liable to an action; and to support the action in the present case would be against the policy and usage of trade, as well as against justice and good faith. If we were so to deal with factors, we should soon put an end to the practice of employing them.
Judgment of nonsuit.