## JOSEPH BUTTERFIELD *vs.* THOMAS HARTSHORN.

WHERE A held a claim against an estate, and the executor caused a farm belonging to the estate to be sold, and left a portion of the purchase money in the hands of B, the purchaser, to pay A and other creditors certain debts which B agreed to pay, it was holden that A could not sue B, A having never assented to this arrangement prior to his suit, or agreed in any manner to accept B as his debtor, and extinguish his claim against the executor.

If a suit can be brought by A against B, it can only be after demand ; and the demand, in such case, if competent to sustain a suit, can be so only on the ground of its being an assent of A to the arrangement of the other parties, by which assent his prior debt is extinguished, and a new debt accrues against B.

ASSUMPSIT for money had and received. On trial, it appeared that prior to the 29th of September, 1826, one John Hartshorn was duly appointed executor of the last will of Benjamin Hartshorn, whose estate was decreed to be administered in the insolvent course.

The plaintiff presented a claim against said estate, of $45,66, which was allowed by the commissioner, and a decree of the probate court was passed on the 29th of September, 1826, for the payment of the claim allowed the plaintiff and other creditors of the estate.

It further appeared, that on the 17th of November, 1826, the said John Hartshorn, executor, sold and conveyed to the defendant a farm which had belonged to the testator, for the sum of $1900, and that upon that occasion, by agreement between him and the defendant, the defendant retained a sufficient amount of the purchase money to pay the claims against said estate which remained unpaid, among which was that of the plaintiff ; and the defendant agreed with the executor to pay to the plaintiff the amount of his claim, to recover which this action is brought.

Upon this evidence, verdict was taken for the plaintiff by consent ; and it was agreed that judgment should be rendered upon the verdict, or that the verdict should be set

aside, and judgment entered for the defendant, as the court should direct.

*E. Parker*, for the defendant, objected to sustaining the plaintiff's action, on the grounds,

1. That the plaintiff's cause of action arose from a claim against the executor of the estate of Benjamin Hartshorn, and that a suit against the executor, or any one having his funds, could not be sustained for money had and received, but that suit must be upon the bond of the executor.

2. That money had and received would not lie against the defendant, founded on a conveyance of land.

3. That suit could not be instituted in any event, without a prior demand of the money in the hands of the defendant.

*J. U. Parker*, for the plaintiff.

UPHAM, J., delivered the opinion of the court.

In this case, the plaintiff having a claim against the estate of Benjamin Hartshorn, which had been allowed, it became the duty of the executor to provide for its payment, if he had assets. If the executor might have compelled the plaintiff to a suit upon the bond, in order to recover the amount of his claim, it was no part of his duty as executor to adopt that course; and it is evident that he intended to provide for the payment of the plaintiff's claim without compelling him to resort to legal proceedings. For this purpose he directed the amount due the plaintiff to be paid out of funds left by him with the defendant, arising from the sale of lands belonging to the estate; and the defendant cannot prevail in the exception which has been taken by him in this case,—that it was in the power of the executor to have done differently, and to have withstood payment until compelled by a suit upon his bond. Besides,—the executor is a stranger to this suit; and if this defence should be considered as open to him, see *contra Adams* vs. *Dakin*

*& Barrett, trustee,* 2 *N. H.* 374 ; it is open only to him, and cannot avail to this defendant.

The second exception which has been taken is equally untenable. The defendant purchased the land, and thereby became indebted to the executor. By agreement between the executor and the defendant, the defendant retained, not the land, as that had passed to him by the sale, but a portion of the purchase money, for the purpose of paying the debts of certain creditors of the estate, among which was the debt due the plaintiff ; and if there is a sufficient privity betwixt the defendant and the plaintiff, the purchase money so retained is the plaintiff's money, for which the defendant is liable to him in an action for money had and received to his use. As between the plaintiff and defendant, it is the same as if the land had been paid for, and the executor had then deposited a portion of the purchase money with the defendant, directing him to pay certain debts due from the executor, and which the defendant promised to pay.

But the principal question in this case is, whether the plaintiff can avail himself of the promise made by the defendant to the executor—he never having agreed to accept the defendant as his debtor, nor having made any demand of him for the money prior to the commencement of this suit.

Can the plaintiff avail himself of the deposit of the money by the executor with the defendant, and the defendant's promise to Hartshorn, the executor, to pay it, without some evidence of assent on the part of the plaintiff before the institution of a suit ?

It is apparent, that in cases of this kind, a contract, in order to be binding, must be mutual to all concerned, and that until it is completed by the assent of all interested, it is liable to be defeated, and the money deposited countermanded.

It seems, also, to be clear, that no contract of the kind here attempted to be entered into can be made, without an entire change of the original rights and liabilities of the

parties to it.  There is to be a deposit of money for the payment of a prior debt—an agreement to hold the money for this purpose, and an agreement on the part of a third person to accept it in compliance with this arrangement.  It is made through the agency of three individuals, for the purpose of payment; and it can have no other effect than to extinguish the original debt, and create a new liability of debtor and creditor betwixt the person holding the money and the individual who is to receive it.  On any other supposition there would be a duplicate liability for the same debt; and the deposite, instead of being a payment, would be a mere collateral security,—which is totally different from the avowed object of the parties.

What proceedings will constitute an assent to this contract, and discharge the original debtor?  Will a demand of the money have this effect?  An individual who should receive advices from his debtor of a deposite of money for his benefit, would hardly deem a demand of the money, accompanied by a refusal of payment, a discharge of the prior debt.  A suit to recover money is no more decisive evidence of an election to receive it, than a demand; and the bringing of a suit cannot be considered evidence of an assent to a contract, and thereby support the action which had no foundation until it was brought.

To entitle the plaintiff to recover, there must be an extinguishment of the original debt; and it is questionable whether, in cases of this kind, any thing can operate as an extinguishment of the original debt but payment, or an express agreement of the creditor to take another person as his debtor in discharge of the original claim.  A contract of this description is an extinguishment of the original debt. 3 *Barn. & Cres.* 591, *Cuxon* vs. *Chadley.**

The bailee is either a stakeholder—holding the money to abide a contingency, and bound either to deliver it to the depositor, if he remands it, or to the creditor if he claims

* Heaton *vs.* Angier, Cheshire, July term, 1835.

it,—the first claimant thereby making it his money ; and of course, if the creditor's money then a payment of the original debt,—or the bailee is liable solely to the depositor, there being no privity of contract betwixt himself and any other person.

If this be true, the money being holden upon a contingency, neither party can sue without a prior demand. It is unnecessary to determine, in this case, whether suit may be made with demand. If so, it must be solely on the ground that by such demand the prior debt is extinguished.

It is important in this case to refer to such authorities as bear upon it. The case of *Hall* vs. *Marston*, 17 *Mass.* 575, directly conflicts with the principles laid down as above. But one authority is cited to sustain it, which is from *Comyns' Dig.* action upon the case upon assumpsit, *E.* "If money be given to A to deliver to B, B may have an action." The reference in Comyns is to *Rolles' Abr. and Hardres*, 321. The case in Hardres is *Bell* vs. *Chaplain*, where A delivered goods, the property of B, to C, who promised for a consideration given by A, to deliver them to B ; and it was holden that either A or B might sue C for not delivering them. In that case the goods delivered were the property of B, and no question arose as to the extinguishment of a prior debt. The case in Massachusetts proceeds upon the same principle. The court remark,—that "wherever one has in his hands the money of another which he ought to pay over, he is liable to this action." The question of title to the money, which settles the question of a right of action, is assumed to be in the plaintiff.

The case of *Weston* vs. *Barker*, 12 *Johns.* 276, is similar to that in 17 *Mass.*, except that there was an express agreement to hold the balance of the money subject to the order of the depositors ; and an order was afterwards drawn by them for the money in favor of the plaintiff, of which the defendant had notice. In this case Spencer, justice, dis-

sented.    *Neilson* vs. *Blight*, 1 *Johns. Ca.* 205, is a similar authority.

The cases, *Wilson* vs. *Coupland*, 5 *Barn. & Ald.* 228 ; *Meerh* vs. *Moessard*, 1 *Moore & Payne* 8 ; *Israel* vs. *Douglas & al.* 1 *Hen. Bl.* 239 ; *Tatlock* vs. *Harris*, 3 *D. & E.* 180, differ from this case.   In those cases there was an agreement of all the parties operating to the extinguishment of the original debt, and a new promise was made by the person holding the money directly to the creditor.   These cases are similar to *Cuxon & Chadley* and *Heaton & Angier* above cited.   On such a promise there is no doubt a suit would lie.   *Surtees & al.* vs. *Hubbard*, 4 *Esp.* 203 ; *Gill* vs. *Brown*, 12 *Johns.* 385 ; *Beecker* vs. *Beecker*, 7 *Johns.* 103 ; *Holley* vs. *Rathbone*, 8 *Johns.* 149.   It would be irrevocable on the part of the promissor.   A person cannot revoke an authority to his debtor to pay a debt to a third party, the creditor of the former, after the debtor has given a pledge to such third party that he will pay the money according to the authority.   *Chitty on Contracts*, 185.

These cases are distinct from the case now under consideration.   Up to the time when this action was brought, the plaintiff had never consented to receive the money of this defendant, and there never had been any contract made betwixt them relative to it.

The case, *Wharton* vs. *Walker*, 4 *Barn. & Cross.* 163, conflicts with the Massachusetts and New-York authorities, and is directly in point in favor of the defendant.   One Lythgoe was indebted to the plaintiff in the sum of £4 5s. and gave the plaintiff an order for that sum upon the defendant, who was his tenant, to be paid out of the next rent that became due.   When the next rent became due, Lythgoe left in the hands of the defendant the amount due to the plaintiff, and gave a receipt for the whole rent ; and the defendant promised to pay the plaintiff, who afterwards brought an action for money had and received.   It was held that the action could not be maintained, because the plaintiff's debt against Lythgoe was not discharged.

Bayley, J., says, that if by an agreement betwixt the three parties, the plaintiff had undertaken to look to the defendant, and not to his original debtor, that would have been binding, and the plaintiff might have maintained an action, on the agreement ; but in order to give that right of action there must be an extinguishment of the original debt. But no such bargain was made in this case. Upon the defendant's refusing to pay the plaintiff, the latter might still sue Lythgoe, as in *Cuxon* vs. *Chadwell*, 3 *Barn. & Cress.* 591.

The other judges severally expressed a concurring opinion.

See also *Bourne* vs. *Mason*, 1 *Vent.* 6 ; *Crow* vs. *Rogers*, 1 *Strange*, 192 ; *Williams* vs. *Everett*, 14 *East* 532 ; *Johnson* vs. *Collins*, 1 *East* 104 ; *Stewart* vs. *Fry*, 7 *Taunt.* 339 ; *Lowther* vs. *Berry*, 8 *Mod.* 116 ; *Crifford* vs. *Berry*, 11 *Mod.* 241 ; 3 *East* 171.

The general rule applicable to cases of this kind is, that the legal interest in the contract resides with the party from whom the consideration moves, notwithstanding it may inure to another's benefit, or even is to be performed to another in person. So that " were A to promise B, for some consideration he has given him, to pay C a sum of money, B, and not C, would be legally concerned in this agreement." This rule is laid down by *Hammond on Parties to Actions*, p. 6, after adverting to the authorities referred to in *Comyn*, and cited in 17*th Mass.* which he says militate against the general rule, and are unsustained by subsequent decisions.

There is some conflict in the authorities on this subject, but we consider the general rule as laid down, and which is recognized as settled law in England, to be the better opinion, and established on sound legal principles. The verdict, therefore, for the plaintiff, must be set aside, and

*Judgment entered for the defendant.*