## HUTCHINS *vs.* GILMAN.

Where two executed several powers of attorney, to the same person, for the sale of an estate, which was sold—*held*, that each was severally entitled to recover his share of the proceeds.

Where lands of the wife are sold by virtue of a power of attorney from the husband and wife, it is not necessary that the wife should be joined in an action to recover the proceeds of the sale.

Where a person who has the money of another in his hands accounts for it to a third person, for the owner, the latter, after a demand made, may maintain an action for money had and received, against the party who thus received it.

The statute of limitations does not begin to run, in such case, until after a demand has been made, no cause of action existing until that time.

Where a party entitled to money demands what is due to himself, and also money which is due at the time to another, and the party on whom the demand is made denies that he is liable to pay any thing, but offers to pay part rather than have a controversy ; there is a sufficient demand and refusal to support an action for the amount due the party making the demand.

A power of attorney for the sale of land was transmitted through the hands of a partner, to the attorney, who sold the land, and afterwards, in the settlement of his accounts with the partnership, accounted for the money received for the land, with the partner from whom he had received the papers, and took from him a receipt, signed as if for the partnership, which had then been dissolved—*held*, that the partnership was not liable for the money.

Where a person who has been constituted an attorney to sell lands, with a power of substitution, has substituted another person, who has made sale accordingly, the former cannot recover the money in an action in his own name.

ASSUMPSIT. 1. For money had and received. 2. Setting forth that the defendant, on the 28th of February, 1820, being indebted to the plaintiff in the sum of $418.10, for so much money had and received of one John Rogers, for the plaintiff's use, in consideration thereof promised the plaintiff to keep the money, and pay the same to the plaintiff when thereto specially requested, and averring a special request on the 30th of July, 1835.

The defendant pleaded the general issue, with the statute of limitations.

Upon the trial it appeared that one Samuel Brooks, of Natchez, died prior to July, 1818, leaving some real estate in this county. Dolly Newman, wife of Joseph Newman, and Betsey Hutchins, wife of the plaintiff, were his heirs at law.

On the 1st July, 1818, said Newman and wife executed a power of attorney to the plaintiff, authorizing him to sell her share in said estate, with power of substitution ; and on the 11th of August following, the plaintiff executed an instrument appointing John Rogers, of Exeter, as his substitute. On the 10th of August the plaintiff and wife executed a power of attorney to Rogers, authorizing him to sell her share in said estate.

These instruments were executed by the plaintiff in Philadelphia, and delivered to the defendant, then one of the firm of Odlin and Gilman, merchants, of that place, to be by him transmitted to Rogers, which was done in the same month.

Rogers sold the property prior to January 15, 1819. The net amount of sales, after deducting costs, was $418.10.

At the time of the sale of the lands, the defendant and Odlin were still partners, and had dealings with a company in Exeter called the Beef Company, of which Rogers was treasurer ; but the partnership was dissolved prior to February 28, 1820, on which day Rogers accounted with the defendant for the amount, by crediting and allowing it on settlement of the concerns between the Beef Company and the late partnership, and took from the defendant a receipt as follows, viz.

"*Exeter, February* 28, 1820. Received of John Rogers $480.68, being net amount of sales of molasses and pork, and $418.10, being net amount of sales of land for account of the heirs of Saml. Brooks, of Natchez, deceased.

Nathaniel Gilman, 3d,

For the late firm of Odlin & Gilman."

In July or August, 1835, the plaintiff demanded the money of the defendant. What was said between the parties at that time did not appear, but the defendant afterwards said it was hard for him to pay it, as his partner was owing him and had gone off, but he had rather pay a part of it than have any noise about it.

It was in evidence that the plaintiff refused to receive any thing less than the whole amount received by the defendant as aforesaid.

A verdict was taken for the plaintiff, for the whole sum, with interest from the date of the demand. Judgment to be rendered according to the opinion of the court.

*James Bell,* and *Bartlett,* for the defendant, cited *Chitty's*

*Pl.* 5; 1 *B. & Ald.* 474; 1 *Bro. & Bing.* 74; *Yelv.* 177; 1 *East* 497; 3 *Camp.* 347; 1 *Stark. Rep.* 345; 6 *N. H. R.* 135; *ditto* 367.

*Farrar*, and *Cutts*, for the plaintiff, cited 1 *Taunt.* 572; 10 *Johns. Rep.* 285.

PARKER, C. J.   It is contended that Newman should have been joined in this action, but the facts do not show any joint interest.   The interests were several, and several powers of attorney were executed.   Each had a right to demand of Rogers the amount of his several share ; and the right of action cannot be made joint by the payment of the whole sum due to both, to the defendant, in one sum, as an amount due to Brooks' heirs.   That in no way changed the plaintiff's several claim to a joint one.

It is further suggested that the wife of the plaintiff should have been joined.   A question might be made, on the other hand, whether it would not have been a valid objection if she had been joined.   The estate sold, it is true, belonged to her.   But when she and her husband joined in a power to sell, and it was converted into money, there is at least room to contend that the money became absolutely his, and would not survive to the wife.   *Bingham on Coverture* 209. However this may be, it was something accruing during the coverture, of which she may be said to be the meritorious cause ; and if the wife might have been joined, the husband had the right to an election, either to join her, or sue alone.   5 *N. H. R.* 564, *Tucker* vs. *Gordon* ; 15 *Johns.* 479, *Decker* vs. *Livingston.*

The defendant next denies that he is liable to the plaintiff, as he was not his agent.   But Rogers, who held the money of the plaintiff, accounted with the defendant for it ; and it must be regarded as placed in his hands to be paid over.   The plaintiff might, perhaps, have still regarded Rogers as the party liable, and have demanded the money of

him. But the defendant having accepted the money under these circumstances, the plaintiff had a right to demand it of the defendant. *Hardres* 321, *Bell* vs. *Chaplain ;* 5 *Adolph. and Ellis* 548, *Lilly* vs. *Hayes.* It was the plaintiff's money, and the case is, in this respect, unlike *Butterfield* vs. *Hartshorn,* 7 *N. H. Rep.* 345. But if Rogers had been indebted, and delivered his own money to the defendant, to be paid to the plaintiff, it might perhaps well be held that the plaintiff, having seen fit to make a demand of the defendant, and to follow it up by a suit, had thereby made an election to treat the defendant as his debtor, and discharged Rogers.

It is further contended, that the demand is barred by the statute of limitations. The answer to this is, that the cause of action did not accrue until a demand was made, and the statute does not begin to run until the cause of action accrues. 1 *Taunt.* 572, *Topham* vs. *Braddick ;* 1 *Aiken's Rep.* 258, *Hutchinson* vs. *Parkhurst ;* 10 *Johns.* 285, *Ferris* vs. *Paris.*

Another position in the defence is, that here is no refusal, on which a suit can be sustained. It is alleged that the plaintiff demanded the whole sum due to himself and Newman, and that the defendant was willing to pay part. But the case was not drawn up with a view to such an exception. No point of that kind appears to have been made at the trial. If the plaintiff had demanded the whole amount, and the defendant had offered to pay what was due to the plaintiff, which the plaintiff declined taking, that would not have been a refusal on which to support an action. But the evidence did not show this. The plaintiff may have demanded the whole. The defendant refused generally to pay, but said he had rather give something than have a controversy. There was no expression of willingness to pay half to the plaintiff. The refusal to pay was not founded upon the demand being for too large a sum, but on an allegation that the defendant's partner was owing him and had gone off.

Nor is there any validity in another suggestion, which is, that the firm of Odlin & Gilman ought to have been sued. If there had been, the objection should have been taken in abatement. But the money never came to the hands of the partnership, as it was not accounted for with the defendant until after the dissolution of the firm ; and it had nothing to do with the partnership transactions. That the defendant sent the papers from Philadelphia while a partner with Odlin, did not constitute it a partnership transaction. That Rogers accounted with the defendant for the money, in the settlement of partnership accounts, after the dissolution, and that the defendant gave to Rogers a partnership receipt, does not alter the case. It is, nevertheless, a receipt of the money by the defendant, and he could have received it on no other ground than that he was to hold it for the plaintiff, and pay it over to him.

But the plaintiff can recover only his share. Although Newman and his wife constituted the plaintiff their attorney, the plaintiff did not sell. It was with power of substitution, and Rogers was substituted, and acted as if he had been the original attorney. When he paid over the money to the defendant, it was for the use of the parties to whom it belonged. If the plaintiff's power, as attorney of Newman and wife, did not cease when he substituted Rogers, that part of the money was not his, and he could only claim from Rogers, or the defendant, as the agent or attorney of Newman, and cannot, for that part, sustain an action in his own name.

The verdict must be amended accordingly, and judgment be rendered for the plaintiff.