By the Court, Cowen, J.
The only question made on the trial which can be reviewed on this writ of error is, whether a collecting agent, having received the moneys of his principal, be liable to an action without a previous request to pay. The progress of the question in this court, or .rather of questions now thought to bear upon it, has been as follows. In Ferris v. Paris, (10 John. Rep. 285,) a foreign factor was held not to be liable for the proceeds of sales, till he should first be directed, how to remit, and refuse to comply. The case was somewhat special in its circumstances, and appears to have been considered without reference to a single book or a recurrence to any general principle. It is scarcely an authority for the rule that a demand must in general be made even upon a factor, much less an agent of any other character. Then came Taylor v. Bates, (5 Cowen, 376, 379,) which went somewhat upon its analogy to Ferris v. Paris. It was there held that an attorney at law was not liable to an action for moneys collected, till demand made. The circumstances of that case too were somewhat special. The attorney resided in Vermont, and collected for clients in this state. He had moreover made an effort to find where he *398 should pay the money, the attorneys in fact for the plaintiff having refused to receive it. The next case is Rathbun v. Ingalls, (7 Wend. 320;) another special case. The defendant could hardly he said to have been a receiver of the funds till about the time when the plaintiff absconded, and he had not after-wards returned and showed himself publicly. Sutherland, J. considered Taylor v. Bates as an authority that an attorney at law is not in general liable till demand made or direction given to remit.(a) On the contrary, in Stafford v. Richardson, (15 Wend. 302,) the statute of limitations was held to run in favor of the attorney, though no demand had been made. Taylor v. Bates was there spoken of as a special case. Ex parte Ferguson, (6 Cowen, 596,) was a motion to attach an attorney, and furnishes no guide in respect to an action.
The utmost that our own cases establish is, that a foreign factor and an attorney at law are not liable till request, though, on our latest decision, I should hardly think this predicable of an attorney.(b) If the rule be general, it should work both ways. If the attorney is to be protected till demand, it follows that he ought not to be allowed the benefit of the statute running till a demand is made. The reason is quite as strong in favor of sheriffs; yet an action lies for moneys collected by them without demand. (Dale v. Birch, 3 Campb. 347.)(c) If officers of the court be vexatiously pursued, the courts are competent to relieve on motion; and this is the only remedy for the sheriff, a man more constantly engaged in receipting and disbursing than the attorney. (Id. Jeffries v. Sheppard, 3 Barn. & Ald. 696.) Be all this as it may, however, and though it be proper to protect an officer of the court against the possibili *399 ty of vexation, by requiring a demand; or a factor, who, it seems, is so protected in a measure as well by the English rule as our own; (Topham v. Braddick, 1 Taunt. 571;) yet 1 apprehend there is no general rule in the law requiring so much as to other agents. Money received by an agent is received for the use of his principal; and on this ground the sheriff was held liable by Lord Ellenborough, Ch. J. in Dale v. Birch. The general rule seems to be correctly laid down in Buckner v. Patterson, (Litt. Sel. Cas. 234.) The money had there been paid to the defendant in order that he should pay it over to the plaintiff. On an action brought, the question was raised whether it was due before being demanded. Logan, J. said: “ The money being paid to the defendant for Buckner, created in law an implied promise on the part of the defendant, in favor of Buckner, which rendered him liable immediately to the plaintiff for that sum.” A demand was therefore held to be unnecessary. The case of Cooner v. Little, (Cam. & Norw. Rep. 92,) is still more directly in point. There the defendant received money as the agent of the plaintiff, on an army certificate. The corut held that an action lay immediately. Serjeant Williams, in 1 Saund. Rep. 33, note (2,) says that where the money is due and payable immediately, no demand is necessary; and the rule is general that where the action is for a precedent debt or duty, a demand need not be proved. (1 Chit. Pl. 329, Am. ed. of 1840.) The duty of a collecting agent is not merely to receive, but to pay over the money; and it seems to me more important that he should be holden to do so without request, than in the case of an ordinary debtor for money lent, There the creditor knows what to demand; he is generally ignorant that his agent has collected the money. Where one engages to pay an ordinary debt, even though he provide that this shall be on demand, yet bringing a suit is a sufficient demand. This was held of the plaintiff’s money, received to keep for him and to be restored on demand. (Darnell’s ex’rs v. Magruder, 1 Harr. & Gill, 439.) The duty of a collecting agent to seek his principal and pay the money he has collected, was never doubted in Westminster Hall. In Nicholson v. Knowles, (5 Madd. 47,) the vice *400 chancellor said the agent’s duty was to pay the money over to the principal, and he would not allow the agent to contest the principal’s right, on the ground that another claimed or even had a right to the money. The form of the action furnishes a test. It is indebitatus assumpsit for money had and received. (Paley On Ag. 57.) This action proceeds on an implied promise arising from a precedent debt; and though the declaration state it as a promise to pay on demand, the defendant may plead nonassumpsit within six years. He is not put to say the action did not accrue within six years from the time of demand. (Collins v. Benning, 12 Mod. 444.) I venture to affirm that the only exception to be found in the law, unless a licensed attorney be one, is that of a factor who is sued not simply for omitting to pay over moneys, but on his implied promise to account. Such was Topham v. Bradick, before cited. In that case, no request to account being shown, the statute of limitations was held not to run. The case was put on the special ground that the promise was to sell goods going to a distant country, and that the transaction would perhaps require a considerable time for its completion. The contract between the merchant and his factor raises no immediate duty against which the statute of limitations can run. It looks to a distant day for performance; and from the very nature of it imposes no obligation to pay over moneys until an account is given. It was strong, perhaps, to say that the factor need not even account without request, after the transaction is closed; and the contrary seems to have been taken for granted in Varden v. Parker, (2 Esp. Rep. 710.) But the reason of applying the rule to any extent in this more complicated commercial relation, ceases altogether when we come to the simple duty of a collecting agency. As to this, whatever money is received, be it part or the whole, it must be paid over within a reasonable time, without waiting for a demand.
The objection that the defendant had not received money, but property in payment, and therefore the action for money had and received is inappropriate, does not appear to have been taken at the trial.
*401 The third point taken by the plaintiff in error, relates merely to the amount of damages. Though it might have been a proper point for consideration on moving for a new trial, it is not so on writ of error. It was clearly no ground of nonsuit that the plaintiff had not proved the value of the bills received by the defendant; for without that the plaintiff was entitled to recover something. The point not having been made except on the motion for a nonsuit, is not brought up in such a way that we can consider it in reference to the amount of damages. To make it available in that view, instructions should have been asked against any thing more than nominal damages. On the court below refusing to charge accordingly, the point might have been raised by exception.
On the whole, I am of opinion that the judgment should be affirmed.
Judgment affirmed.

 See also M’Farland v. Crary and M'Lean, (8 Cowen, 253.)

 In Maine, it has been expressly held that an attorney is liable to an action for money collected by him, in the same manner as any other agent, without a special demand; and that the statute of limitations begins to run from the time he re. ceives the money. (Coffin v. Coffin, 7 Greenl. Rep. 298.)

 S. P., Dygert ads. Crane, (1 Wend, 534;) Brewster v. Van Ness, (18 Johns, R. 133.)