## Warren *vs.* Batchelder.

The legal interest in a simple contract resides in him from whom the consideration moves.

An agreement to accept a third person as a debtor need not be made in express terms, but it will be sufficient if it can be implied from the facts in the case.

The defendant owed one Dow, who owed the plaintiff. The latter sued Dow, and summoned the defendant as his trustee. Dow and the defendant had a settlement, in which Dow left in the defendant's hands money enough to pay Dow's debt to the plaintiff, which the defendant retained in his hands as trustee, on account of his supposed liability to the plaintiff, who subsequently having demanded the money of the defendant, brought an action against him for money had and received. The plaintiff was not a party to the arrangements between Dow and the defendant, and his debt against Dow was not extinguished.—*Held*, that no consideration moved from the plaintiff, and that an action would not lie.

If the plaintiff's debt against Dow had been extinguished, as the defendant had received no money, whether an action for money had and received would lie, *quære?*

Assumpsit for money had and received. The action was brought on the 4th day of September, 1843, and was tried upon the general issue. The plaintiff filed a specification under his general count, in which he stated that he claimed the right to recover the sum of $23.22, for money received by the defend-

ant on or about the 10th day of October, 1839, with interest from that time, to the use of the plaintiff. The above sum was the amount of the debt and cost of a judgment recovered by the plaintiff in the court of common pleas at the March term, 1840, against one William Dow.

The plaintiff introduced evidence tending to show that in the fall of 1839 the defendant owed William Dow from fifty to one hundred dollars upon a negotiable promissory note, and that upon a certain evening in the same fall he paid Dow the sum due on the note, after deducting enough to pay the debt of Dow to the plaintiff, for which the plaintiff had recovered the judgment aforesaid. The note of the defendant to Dow was thereupon given up, leaving unpaid a sum intended to be equal to the plaintiff's judgment against Dow. The plaintiff also offered evidence that, in his action against Dow, the defendant was summoned as trustee, and that he retained the unpaid balance of his note to Dow in his hands, on account of his supposed liability as trustee in that suit.

The plaintiff then offered in evidence the execution issued upon his judgment against Dow, for $15.71 debt, and $7.51 costs, for the purpose of showing the amount of his claim against Dow, and the sum remaining unpaid on the defendant's note to Dow, which was to be applied upon the plaintiff's debt against Dow.

The plaintiff here rested his case, whereupon the defendant contended that the plaintiff's evidence was not competent to sustain an action for money had and received, but that it must be shewn that the debt of the plaintiff against Dow, which he now sought to recover of the defendant, was extinguished by the arrangement entered into, and that the plaintiff's debt against Dow was not extinguished unless there were shown to have been a communication between all the parties, and an express agreement by the plaintiff to accept the defendant only as his debtor; instead of which it did not appear that the plaintiff had any knowledge of the arrangement between the defendant and Dow; and so far from his debt against Dow having been extinguished thereby, the evidence showed that he pursued his claim to judgment,

upon which an execution had issued, and which he still retained unsatisfied.

The court ruled that the plaintiff must show that, before the commencement of this suit, he had demanded his debt against Dow of the defendant, and that in other respects the evidence was competent to support the action ; to which ruling the defendant excepted.

The plaintiff then offered evidence to prove the demand. The court then instructed the jury that if they believed from the evidence that the defendant omitted to pay a part of the sum due on his note to Dow, and enough to pay the debt of the plaintiff against Dow, and assented to retain it for that purpose, and the plaintiff, at any time before the commencement of this suit, had demanded the money of the defendant, or assented to receive it, and the defendant had not paid it, they should return a verdict for the plaintiff. The court ruled farther, that although the plaintiff knew nothing of the arrangement between the defendant and Dow at the time, and pursued his claim against Dow to judgment, and took out an execution, which still remained apparently unsatisfied, yet, if at any time before the commencement of this suit, he had learned that the money was there for him, and demanded it of the defendant, and assented to receive it, by such demand and assent his debt against Dow would be extinguished, and he would be entitled to recover the amount of it from the defendant.

The jury returned a verdict for the plaintiff for the amount of his judgment against Dow, and interest thereon from the date of the writ, which the defendant moved to set aside, on account of the instructions of the court as to the competency of the evidence.

*Fowler*, for the defendant. Nothing could operate as a payment of the plaintiff's debt against Dow, without an express agreement by the plaintiff to take the defendant as his debtor, and discharge Dow. 7 *N. H. Rep.* 345, *Butterfield* vs. *Hartshorn.* The plaintiff made no such agreement, and therefore he cannot recover. 3 *B. & C.* 591, *Cuxon* vs. *Chadley ; Ibid.*

842, *Hodgson* vs. *Anderson;* 4 *B. & C.* 163, *Wharton* vs. *Walker;* 3 *D. & E.* 174, *Tatlock* vs. *Harris;* 7 *N. H. Rep.* 397, *Heaton* vs. *Angier;* 5 *B. & Al.* 228, *Wilson* vs. *Coupland.*

The demand was insufficient. 7 *N. H. Rep.* 345, *Butterfield* vs. *Hartshorn.*

Dow might revoke his agreement at any time before the defendant promised to pay the debt to the plaintiff.

*Butters,* for the plaintiff. There was a sufficient privity between the parties to enable the plaintiff to maintain this suit. 1 *Ch. Pl.* 5. Wherever a person has money which he cannot conscientiously retain, as in this case, he is liable in an action for money had and received, even although there be no privity. 17 *Mass.* 563, *Mason* vs. *Waite;* Ibid. 579, *Hall* vs. *Marston.* It is apparent, from the facts stated in the case, that there was a perfect settlement between Dow and the defendant.

GILCHRIST, J. The defendant owed Dow, and Dow owed the plaintiff. The defendant and Dow agreed that the defendant should pay Dow's debt to the plaintiff, and Dow left money in the defendant's hands for that purpose. The plaintiff was not a party to this arrangement, but subsequently made a demand upon the defendant, that he should pay the plaintiff the amount of his debt against Dow. These are, shortly, the facts in the case ; and upon them two questions arise ; firstly, whether the plaintiff can maintain any action against the defendant; and, secondly, whether an action for money had and received will lie, as that is the form the plaintiff has adopted.

In that very acute and logical book, *Hammond on Parties to Actions* 6, in treating of single rights *ex contractu,* the author states the general principle, that the legal interest in a simple contract resides with him from whom the consideration moves, and illustrates it by saying, that " were A to promise B, for some consideration he has given him, to pay C a sum of money, B and not C would be legally concerned in the agreement." Another illustration of the principle is afforded by the case of *Crow*

vs. *Rogers*, *Strange* 592. A being indebted to B, C promised A that if he would make him a title to a house, he would pay B the debt, and B sued C upon this promise. But C had judgment, " because the plaintiff was a stranger to the consideration."

In the case of *Heaton* vs. *Angier*, 7 *N. H. Rep.* 397, the plaintiff sold the defendant a wagon, which the defendant immediately sold to one Chase. The three parties then agreed that Chase should pay the plaintiff the purchase money for the wagon, for the defendant, and the plaintiff agreed that he would take Chase as his debtor. It was held that the debt due from the defendant to the plaintiff was extinguished by the plaintiff's agreement to take Chase as his debtor, and that the plaintiff could not maintain assumpsit for the price of the wagon against the defendant. This case was decided upon the authority of the case stated by *Buller*, J. in *Tatlock* vs. *Harris*, 3 *D. & E.* 180.

In the case of *Butterfield* vs. *Hartshorn*, 7 *N. H. Rep.* 345, the plaintiff, having a claim against an estate, the executor sold property belonging to the estate, and left a part of the purchase money in the hands of the purchaser, who promised the executor to pay the plaintiff's debt. It was held that the plaintiff could not maintain a suit against the purchaser, to recover the amount of his debt, as he had never assented to the arrangement before he commenced his suit, and had never agreed to accept the purchaser as his debtor, and had not demanded the money. The question is raised as to the effect of a demand of the money, and it is said to be questionable whether anything can operate as an extinguishment of the original debt, but payment, or an express agreement by the creditor. An extinguishment of the original debt is held to be necessary.

In the supposed case put by *Buller*, J. in *Tatlock* vs. *Harris*, 3 *D. & E.* 180, so often referred to in the books for its condensed way of stating the point, there was an agreement between A, B and C, that A should pay C the £100 which B owed him, and this is said to extinguish B's debt.

In *Wilson* vs. *Coupland*, 5 *B. & Ald.* 228, Taillaison & Co. being indebted to the defendants for money had and received, and being indebted to the plaintiffs, transferred to the plaintiffs

the sum due from the defendants, for which the defendants gave the plaintiffs their promissory note. It was held, that as all the parties had assented, and as the demand of Taillaisson & Co. on the defendants was for money had and received, the defendants were liable to the plaintiffs, in an action in that form. There does not appear to have been any express agreement in terms, by the plaintiffs, to accept the defendants as their debtors, but it seems to have been implied from the facts in the case.

In *Cuxon* vs. *Chadley*, 3 *B. & C.* 591, Sweet had sold goods to the defendant, and Robert Chadley owed the defendant. Sweet, at the request of Robert, charged the goods he had sold the defendant to Robert's account. It was held that the defendant was still liable to Sweet's assignees for the goods sold him by Sweet. *Abbott*, C. J. says, " Sweet is not proved ever to have said, ' I will take you, Robert, as my debtor and discharge James.' He is not proved ever to have said or done anything which would have the effect of discharging James."

In the case of *Hodgson* vs. *Anderson*, 3 *B. & C.* 842, cited by the counsel for the defendant, the suit was between the original parties, and the question whether an action would lie in favor of a third person did not arise.

In *Wharton* vs. *Walker*, 4 *B. & C.* 163, Lythgoe owed the plaintiff £4 5s., and gave him an order on the defendant, who was Lythgoe's tenant, to pay the plaintiff that sum out of the next rent that became due. The plaintiff sent the order to the defendant, but had no other communication with him. Lythgoe having demanded the rent of the defendant, the latter produced the order, and promised Lythgoe to pay its amount to the plaintiff, and paid Lythgoe the difference between it and the rent, and Lythgoe thereupon gave him a receipt for the whole sum. The plaintiff then brought an action for money had and received, against the defendant, but it was held that no action would lie. *Bayley*, J. says, " if, by an agreement between the three parties, the plaintiff had undertaken to look to the defendant and not to his original debtor, that would have been binding, and the plaintiff might have maintained an action on the agreement; but in order to give him that right of action, there must be an extin-

guishment of the intermediate debt. No such bargain was made between the parties in this case." It was held, also, that the action would not lie, " because no money was ever had and received by the defendant to the use of any person, which objection existed in *Israel* vs. *Douglas*, 1 *H. Black*. 239, and has caused the propriety of that decision to be since doubted." It was said by *Littledale*, J. that " even if the parties had met and agreed, and the debt from Lythgoe had been discharged, still no money having been received by the defendant to the plaintiff's use, the latter must have declared specially on the agreement, and could not have recovered in this form of action." In *Israel* vs. *Douglas*, the defendants owed *Delvallè* for brokerage, and *Delvallè* owed the plaintiff on a promissory note, and gave him an order on the defendants for the sum they owed him, and the defendants promised the plaintiff to pay him the sum they owed *Delvallè*. It was held that an action for money had and received would lie. But *Wilson*, J. dissented, on the ground that no money was actually had and received. He says also, " I cannot accede to this, as a general proposition, that whenever a man is my debtor, I am entitled to bring an action against him for money had and received."

In the case of *Holly* vs. *Rathbone*, 8 *Johns*. 148, the defendant, having in his hands money belonging to a pauper, promised the plaintiff to pay him a debt which he had against the pauper, and it was held that an action would lie. It is not clear that this decision can be maintained as law, for there was no consideration moving from the plaintiff, and his debt was not extinguished. In *Arnold* vs. *Lyman*, 17 *Mass*. 400, Hutchins, owing the plaintiff, conveyed property to the defendant, who, in consideration thereof, promised Hutchins to pay his debt to the plaintiff, and it was held that the plaintiff might recover the amount of his debt of the defendant. It was said by *Parker*, C. J. " there seems to be no reason why the promise should not be treated as a promise to the creditors." It was argued that no consideration moved from the plaintiff, but this is not adverted to by the court. In *Hall* vs. *Marston*, 17 *Mass*. 575, Bradford owed the plaintiff, and sent the defendant a bill of exchange, with direc-

tions to pay a part of the proceeds of it to the plaintiff; and it was held that he might recover that part of the defendant, on the ground that the latter had money in his hands which he ought equitably to pay over to the plaintiff, and that the silence of the defendant, and his receiving the contents of the bill, must be construed to be an assent to pursue his instructions, and that thereupon the plaintiff had a legal right to sue. But in the three cases last cited, and in some other cases similar to them which are to be found in the books, the true principle which should have governed their decision seems to us to have been overlooked. That the legal interest in a simple contract, and the right to enforce it, reside in the person from whom the consideration moves, we understand to be a cardinal point in the law. A contrary decision involves the result, that he from whom the consideration moves is not the party to sue, if any other person is intended to be benefited by the contract. And it is to be observed that *Heaton* vs. *Angier*, *Butterfield* vs. *Hartshorn*, *Tatlock* vs. *Harris*, *Wilson* vs. *Coupland*, *Cuxon* vs. *Chadley*, and *Wharton* vs. *Walker*, all recognize the principle that the party must sue who furnishes the consideration, which consideration was, upon the facts of those cases, the extinguishment of the plaintiff's debt. In the case before us, the consideration did not move from the plaintiff. His debt was not extinguished, and he can maintain no action. We do not mean to say that there must have been an express agreement by the plaintiff to accept the defendant as his debtor, and extinguish his original debt; but such an agreement must be proved, either by direct evidence, or by proof of facts which show that it must have been made.

It is unnecessary to determine the question, whether an action for money had and received would lie in this case. No money was actually received by the defendant, although, when he was summoned in the trustee suit against Dow, he retained money in his hands on account of his supposed liability to the plaintiff. The case of *Wharton* vs. *Walker*, above cited, is strongly in point to show that the suit could not be maintained in this form; but on this point we express no opinion.

*Verdict set aside.*