## HAAS v. DAMON.

1. CONVERSION: DEMAND. When an agent exchanges property entrusted to him to sell on commission, for other property, he is liable to the owner for the value thereof, and the owner may maintain an action therefor without showing a demand for a return of the property, or for an account.
2. SAME. When an agent renders an account to his principal of a sale of property made on commission, he is not liable in an action for the money in his hands, before a demand for the money or instructions to make a remittance.

*Appeal from Pottawattamie District Court.*

FRIDAY, NOVEMBER 4.

The material facts are stated in the opinion of the court.

*Clinton & Baldwin,* for the appellant argued that as defendant's answer shows a conversion of the property of plaintiff, an allegation in the petition of demand was unnecessary. Any use, or disposition of property inconsistent with the rights of the owner, is a conversion. 10 John. 172; 1 Bailey 546.

*Stone & Gulick* for the appellee. A conversion is an appropriation of a chattel to the party's own use and beneficial enjoyment, or withholding the possession under a claim of title inconsistent with plaintiff's right. 6 John. 9; 12

Ib. 300; 2 Greenl. Ev. section 644; *Rathbone* v. *Ingalls*, 7 Wend. 332; *Cooley & Bangs* v. *Betts*, 24 Wend. 202. The defendant was not liable until a demand was made. 2 Mass. 398; 13 Pick. 294; 18 Ib. 278; 2 Met. 6; and 6·Barb. 436.

STOCKTON, J.—The plaintiff claims of defendant five hundred dollars for the price and value of three certificates of stock, or shares in the town of Cincinnati, Harison county, Iowa, delivered by him to defendant to sell and dispose of for the best interest of plaintiff, upon the agreement of defendant to sell the same to the best possible advantage, and account to plaintiff for the proceeds thereof. And plaintiff avers that defendant refuses to deliver to him said certificates, and refuses to account for the proceeds of the sale of the same, though requested so to do.

The defendant answers denying the allegations of the petition, and averring that at the time of receiving said certificates, the plaintiff directed him to exchange them for any thing he could get for the same; and that under such instruction he did exchange them for one gold watch, two silver watches and twenty dollars in money, which he immediately thereafter offered to deliver to plaintiff, who refused to receive the same; that defendant has been at all times, and still is ready and willing to deliver up said property to plaintiff, on his paying defendant a reasonable compensation for his trouble and services. The plaintiff replied to the answer denying that he authorized defendant to exchange said certificates as alleged by defendant, and denying that defendant had made any tender to plaintiff as alleged. On the trial, which was by the court instead of a jury, the plaintiff gave in evidence the following receipt:

"Council Bluffs, March 4th 1857.

Received of A. Haas, three shares in Cincinnati, Harrison county, Iowa, to sell for him on commission.

J. W. DAMON."

And proved that defendant had sold the shares a few weeks

after receiving the same, to one Gardner, for a half share in Elk Horn, Nebraska. After proving the value of shares in Elk Horn, plaintiff rested his cause. The court on motion of defendant nonsuited the plaintiff for the reason that no demand to defendant to return the certificates, or account for the same had been shown, before suit was brought.

We think the District Court was not justified under the evidence given, in rendering judgment of nonsuit against the plaintiff. The duty of the defendant, by his written undertaking, was to sell the shares for the plaintiff. The authority to sell, did not authorize him to exchange them for other property. When the plaintiff, therefore, had shown that defendant had exchanged the shares for other property, instead of selling them, he so far established a conversion by defendant, that he was excused from any proof of demand before bringing suit. Story on Agency, section 78. *Cutter* v. *Fanning*, 2 Iowa 580.

It was the duty of defendant to render an account to plaintiff in due season, and in reasonable time after selling the shares, and in case of neglect, or refusal so to do, he is probably liable to an action without any demand, as soon as he is in default, for not accounting. *Torry* v. *Bryant*, 16 Pick. 528; *Schee* v. *Hassinger*, 2 Bin. 325. . When, however, he has rendered his account duly, and is in no default of any kind, he is not liable to an action for money received by him, until a demand has been made upon him, or until he is directed to make remittance. *Ferris* v. *Parris*, 10 John. 285; *Cooley* v. *Betts*, 24 Wend. 203.

One of the issues made by defendant was, that at the time of receiving the shares, plaintiff directed him to exchange them for anything he could get for them. As the undertaking of defendant was in writing, and was to sell on commission, it might be doubtful how far he could be allowed to enlarge his authority by parol evidence applicable to the same subject matter at the same point of time, and which might in effect contradict, vary or control what must be understood as the agreement of the parties as derived from the writing. Story on Agency, sections 79, 80.

As the question does not arise, we indicate no opinion. The judgment will be reversed for the error of the District Court in directing the nonsuit.

Judgment reversed.