ORANGE COUNTY TRUST CO. et al. v. MILLER et al.

(Supreme Court, Appellate Division, Second Department. February 2, 1912.)

1. BILLS AND NOTES (§ 491*)—ACTIONS—PARTIAL DEFENSE—BURDEN OF PROOF.

    Where, to an action upon a note, the defendants alleged that the amount of another of their notes held by the payee at the time of the execution of the note in suit was included therein, and an amount already paid thereon agreed to be ascertained and indorsed upon the new note, which was not done, the burden of proving the partial defense was upon the defendants.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1643–1648; Dec. Dig. § 491.*]

2. BILLS AND NOTES (§ 527*)—ACTION—PARTIAL DEFENSE—EVIDENCE.

    Evidence in an action on a note *held* insufficient to show that an amount paid and indorsed on a former note had not been credited on the note in suit.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1847–1855; Dec. Dig. § 527.*]

    Thomas and Carr, JJ., dissenting.

Appeal from Trial Term, Orange County.

Action by the Orange County Trust Company and another as executors, against Alice B. Miller and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

---

Argued before HIRSCHBERG, CARR, WOODWARD, THOMAS, and RICH, JJ.

Edward E. Conlon, for appellants.

John Bright, for respondents.

HIRSCHBERG, J. The action is brought on a promissory note made by the defendants to the order of the plaintiffs' testatrix. The note was made on the 29th day of July, 1907, in the sum of $293.21, payable three months after date, and the judgment is for that amount, with interest and costs, less $200 paid on account. The testatrix died in March, 1909. The answer alleged as a partial defense that at the time of the execution of the note the payee held another note made by the defendants, the amount of which was included in the note in suit, but upon which they had paid a sum of money which was to be credited on the new note, though the precise amount of the sum to be credited was not known at the time.

[1, 2] The burden of proving the partial defense was upon the defendants, and it seems clear from the evidence that they have failed to sustain it. A witness testified in their behalf that at the time of the execution of the note in suit it was agreed between the parties that the amount which had been paid on the prior note should be accurately ascertained and indorsed as a payment on the new note. The deceased claimed that such payment amounted to $75 only, while the defendants claimed that such payment amounted to about $100. It was stated at the time the new note was given that the prior note was in the bank and that the payments were indorsed on it. No proof was given on the trial as the amount of such indorsements; but the note in suit bears the indorsement of a payment of $200, made on July 20, 1908, nearly a year after the note was given, and several months after its maturity, which indorsement is in the handwriting of the defendant Nathan W. Miller.

It would seem to be a fair and reasonable presumption that such indorsement included the entire credit to which the defendants were entitled at the time it was made. No evidence was offered to rebut the presumption, and such presumption would seem to be very much strengthened by the additional fact that if the payments on the first note amounted to $100, as claimed by the defendants, and such payments were not included in the $200, the entire note must have been practically paid on July 20, 1908.

The evidence as to the contemporaneous oral agreement at the time of the execution of the promissory note in suit was objected to by the plaintiffs and received over such objection. Aside from the question of presumption, I regard it as very doubtful whether it was competent for the defendants to vary the terms of the note by proof of the conversation between the parties at the time of its execution. As was said by Judge Werner, in Jamestown Business College Ass'n v. Allen, 172 N. Y. 291, 294, 64 N. E. 952, 953 (92 Am. St. Rep. 740):

"The general rule, that evidence of what was said between the parties to a valid instrument in writing, either prior to or at the time of its execu-

tion, cannot be received to contradict or vary its terms, applies to promissory notes and bills of exchange. Thompson v. Ketcham, 8 Johns. 190 [5 Am. Dec. 332]; Norton v. Coons, 6 N. Y. 33; Read v. Bank of Attica, 124 N. Y. 671 [27 N. E. 250]."

The judgment should be affirmed.

WOODWARD and RICH, JJ., concur.

THOMAS, J. (dissenting). The evidence shows without contradiction that the defendant Nathan W. Miller was indebted to plaintiff's decedent upon a bond and mortgage, and that to meet a balance due, and remove the lien, Miller and decedent met with the witness Williams, that a note was proposed for the above purpose, that the decedent insisted that there should be included in the note another outstanding note of $125, on which it was conceded that $75 had been paid, on which Miller claimed that a further sum of $25 had been paid, that it was finally agreed that the whole amount of the first note, which was not present, should be included in the note in suit, and that the amount indorsed on the first note should be ascertained and indorsed on the note in question. The only indorsement on the note in question is for $200, which is indorsed on the note as of July 20, 1908, in Nathan Miller's handwriting, and alleged in the complaint and presumed by the law to have been paid on that day. After bringing the defendant to court on such an allegation, the plaintiff would on the trial withdraw it, and ask the court to presume, from the indorsement made by defendant, that the $200 was not in its entirety paid on that day, but that it included all earlier payments made by defendant on the first. Thus the maker, incompetent as a witness to testify to a personal transaction with the decedent, is compelled to meet an issue that did not exist under the pleadings. That is not just or technically correct. The further contention that the evidence is incompetent, in that by parol it disputes the note, is not tenable, as the answer states facts that show partial failure of consideration, and the uncontradicted evidence proves it.

The judgment should be reversed, and a new trial granted; costs to abide the event.

CARR, J., concurs for reversal.