TAYLOR *against* BATES.

*An attorney received an order for collection, in favor of B. who directed the attorney to retain out of the moneys to be collected, a debt due to him and another; afterwards, B. assigned the demand to T. to whom the attorney promised to pay the whole demand when collected; held, that the promise was nudum pactum, as to the sum which B. agreed he should retain, and that he was bound to pay no more than the balance after deducting that sum.*

*An assignee of a chose in action takes subject to all liens against the assignor.*

ASSUMPSIT, tried at the Rensselaer circuit, November, 1824, before DUER, C. Judge.

Verdict for the plaintiff, subject to the opinion of the Court, on a case, which is fully stated in their opinion.

*J. Paine,* for the plaintiff, cited Cowen's Treatise, 68; 17 John. Rep. 248; 3 B. & A. 696; 6 John. Ch. Rep. 358.

*E. Cowen* for the defendant, cited 13 John. Rep. 238.

*Curia,* per WOODWORTH, J.   The declaration contains the usual money counts.  It appeared in evidence, that Calvin Barnes, on the 17th of April, 1817, placed in the hands of the defendant, for collection, an order drawn on the treasurer of Addison county, Vermont, for $203, which had been accepted on the 2d of January, 1816.   At the time Barnes left the order, he was a bankrupt; and indebted to the defendant and Daniel Chipman $120; and directed the defendant to retain that sum out of the money, when collected.   On the 26th June, 1822, the defendant received $252 41, on the order, and paid Chipman his share of the debt against Barnes being $60.

It further appeared, that shortly before the 3d of December, 1817, Barnes assigned to the plaintiff the order; and on the 3d of December, the defendant wrote to the plaintiff, saying that he might retain the defendant's receipt and

*T.* an assignee of a demand left with an attorney for collection, assigned it to another, excepting $50, of which the attorney had notice, and then received the money; held that an action for money had and received, would lie in the name of T. against the attorney for the $50, but no more; and his assignee must sue for the residue: That the money was received for the use of those who had right as assignees respectively; but that neither could sue till demand made of the attorney.

An attorney is not liable to a suit for money collected for another, till demand made, or directions to remit. He is not in default till he receives orders from his principal.

keep his letter as evidence of his engagement to pay the money to the plaintiff, when collected.

On the 26th of August, 1819, the plaintiff assigned to Southwick, Cannon & Warren, all his claim to the money, when collected on the order, except fifty dollars, of which the defendant soon after had notice. He also delivered to them the receipt given by the defendant.

Immediately after the collection of the money, the defendant sent to Southwick, Cannon & Warren, (who were authorized by the plaintiff to receive the whole amount of the order,) $132 41, on account of the money for which this action is commenced; but they refused to receive it, because the whole $252 41 was not offered. By the assignment from Barnes to Taylor, the latter acquired no other or greater right than the former possessed. Barnes was entitled to all that remained, after deducting $120. The defendant probably wrote the letter to the plaintiff, not recollecting, at the moment, his right to retain a part. It undoubtedly implies, that the whole amount of the order would be paid; and if this assumption is legally binding the defendant must submit to the loss. Whether Barnes stated to the plaintiff, at the time of the assignment, that the defendant had a lien does not appear. If it was intended to be a transfer of the whole sum, Barnes committed a fraud, which we cannot intend, unless the fact is clearly made out. All that is said is, that he assigned the order. In the absence of other proof, I understand this as a transfer of all the right of Barnes, or all that was due on the order. An assignment of the order merely, without stating the sum due or further explanation, is an assignment of no more than Barnes had a right to claim. This construction is warranted by the general terms of the assignment.

All this took place before the defendant wrote to the plaintiff. There is no proof that the defendant in any manner induced the plaintiff to take a transfer from Barnes; or that he had any knowledge of the transaction, previous to its taking place. The letter admits, that the plaintiff had been at Middlebury; but whether he then saw, or convers-

ALBANY,
Feb. 1826.

Taylor
v.
Bates.

ed with the defendant, does not appear. It also states, that after the plaintiff left that place, the defendant informed Barnes that he should account with the plaintiff for the order.

Was this previous to the assignment? The case is silent as to that fact. If it was previous, what is the fair import of those expressions as between Barnes and the defendant? It will be remembered, that this declaration was made to the man who had directed the defendant to retain his own debt, when speaking to him of accounting. I should consider it the same as engaging to pay what Barnes had a right to claim. Besides, was this assurance to Barnes, such as it is communicated to the plaintiff, before he accepted a transfer; and was he thereby induced to purchase? No such facts were given in evidence. The defendant, then, was under no legal or moral obligation to pay more than the balance remaining after satisfying himself. I admit, he did promise to pay the plaintiff the whole; but where is the consideration for such a promise? I have not discovered any. There was no benefit to the defendant; and it is not shown that, in consequence of any act or thing done by the defendant, the plaintiff was injured. The promise was entirely gratuitous. But it is said the promise was a waiver of the lien. The same difficulties, however, lie in the plaintiff's way. He did not waive it before the assignment; and if after, there is no consideration for the agreement to waive the lien. It will not, I apprehend, be contended, that in this case there is any substantial difference, between a promise to pay the face of the order, and a promise to waive the lien. The result would be the same. My opinion is, that the promise being a *nudum pactum*, the defendant was entitled by law, to retain $120.

The next question is, can the plaintiff sustain an action for that portion of the money assigned to Southwick, Cannon & Warren? It is to be observed, that the action is not founded on any written contract or chose in action, where the right of the trustee to sue in his own name, for the benefit of the *cestui que trust*, is unquestionable; but it is an action for money had and received, founded on an implied promise. In this form of action, the plaintiff can only

recover what has been received for him.  He is not connected with Southwick, Cannon & Warren.  He reserves to himself, by the assignment, $50, and transfers to them the right of receiving the residue.   Of this, the defendant had notice before the money was received on the order : and became answerable to them for so much money, as he received for their use.   The two claims are distinct, and cannot be recovered in one suit.   It has already been shown, that the defendant was entitled to deduct $120 ; so that the claim of Taylor, the now plaintiff was $132 41.   After his assignment, it became the duty of the defendant to pay the plaintiff $50, when demanded ; the defendant having notice, that the transfer was made with this exception.   The assignees were entitled to the residue only, being $80 41. I am of opinion that the defendant is liable to the plaintiff for $50, whenever the same is demanded ; or if the defendant refuses to remit the same as the plaintiff shall direct.

The remaining inquiry is, whether the defendant is liable to this action for the $50.  The defendant was the attorney or agent of the plaintiff, and held the money in that capacity.  No laches are shown on the part of the defendant, or unwillingness to pay.  It does not appear, that the plaintiff ever demanded payment, or requested the money to be remitted.   The offer to pay the balance to Southwick, Cannon & Warren immediately after it was due, shows a solicitude in the defendant to discharge himself from the trust. They were authorized to receive as well the plaintiff's share as their own, and refused to accept all that could be legally claimed.   The defendant was not liable to an action.  To support it would be in opposition to the nature of the trust the defendant had assumed as well as against justice and good faith ; until he had refused to pay or remit, according to instructions.   This case is analogous to that of *Ferris* v. *Paris*, (10 John. 285.) where it was held, that a factor or consignee, apprizing his principal of the sale of goods consigned to him, may wait to receive directions as to the mode of remitting the net proceeds ; and is not liable to an action, until a default on his part in remitting or paying the pro-

ALBANY,
Feb. 1826.

Globe Ins. Co.
v.
Lansing.

ceeds, according to the order of his principal. I am of opinion that judgment of nonsuit be entered.

Rule accordingly.