RATHBUN *vs.* INGALS. ·

An *attorney* is not liable to an action for money collected by him, until demand or direction to remit.

Declarations made by an *attorney* that he intended to retain money collected by him for his client, to indemify him for a fraud committed upon him in the sale of a horse, do not dispense with the necessity of a demand, unless such declarations were made to the *agent* of the plaintiff, or it is shewn that they came to his *knowledge* before suit brought.

THIS was an action of assumpsit, tried at the Washington circuit in June, 1828. The plaintiff proved that $45 were passed to the credit of the defendant, on one *Fish* becoming bound to a creditor of the defendant to that amount, and that Fish thus became bound to satisfy a demand of the plaintiff against him, which had been left with the defendant as an attorney for collection. No demand of the money or direction to remit previous to suit brought was shewn, but it was proved that the defendant had said that he would not pay over the money to the plaintiff, because, as he alleged, the plaintiff had cheated him in the sale of a horse, and that the money received by him was not sufficient to satisfy his claim on that account. The persons to whom these declarations were made, were not the *agents* of the plaintiff. The plaintiff absconded from Easton, in Washington county, in 1820, and had not been there publicly since that time. The negotiation between the defendant and Fish took place 7 or 8 years before the trial. The defendant moved for a nonsuit, which was granted, the circuit judge being of opinion that the evidence to excuse the necessity of a demand before suit, was not sufficient to submit to the jury. The plaintiff moved to set aside the nonsuit.

*Wetmore & Denio*, for plaintiff.

*C. F. Ingalls*, in person.

*By the Court*, SUTHERLAND, J. The plaintiff was properly nonsuited, on the ground that there was no evidence of a demand of the money having been made upon him, or directions

NEW-YORK,
May,1831.

Rathbun
v.
Ingalls.

to remit having been given before the commencement of the suit. It was decided in *Taylor* v. *Bates,* 5 Cowen, 376, that an attorney was not liable to an action for money collected by him as attorney for another, until demand or directions to remit. The evidence of a waiver of a demand was not sufficient, under the circumstances of the case, to go to the jury; or at all events, to justify them in finding for the plaintiff.

The money appears to have been collected by the defendant in the year 1820, about which time the plaintiff absconded from Easton where he resided, and has not been seen there publicly since. To whom was the defendant to pay the money? It could not be paid to the plaintiff, and he never appointed or constituted an agent for the purpose.

The declarations of the defendant, made to third persons, *not the agents* of the plaintiff nor in any manner connected with him in relation to this business, that he intended to retain the money to indemnify him for a fraud which had been committed upon him by the plaintiff in the sale of a horse, are not to be considered such a refusal to pay as would dispense with the necessity of a demand. If the persons to whom the declarations were made had been the agents of the plaintiff, authorized to ascertain from the defendant whether he intended to pay the money or not, the case would have been different; as the facts are, the defendant is not to be affected by those declarations; there is no evidence that they ever came to the knowledge of the plaintiff.

Motion for new trial denied.