ARMSTRONG
v.
SMITH.

---

ARMSTRONG *v.* SMITH.

An agent is not liable to a suit for money collected for his principal, unless it have been previously demanded.

Saturday,
June 1.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit by *Armstrong* against *Smith*. The declaration states, that in consideration that the plaintiff would assign and deliver to the defendant certain accounts for collection, the defendant promised to endeavour to collect the same, and pay over the money to the plaintiff whenever requested. It states further, that the plaintiff did accordingly assign over to the defendant certain notes, and did deliver to him certain accounts, to be collected for the plaintiff's benefit. It is also stated, that the defendant has collected, on the said notes and accounts, a certain sum of money, which he has neglected and refused to pay to the plaintiff, although often requested to do so. To this declaration the

defendant demurred, and assigned as a cause of demurrer,—that there is no request specially laid, for the payment of the money collected. The judgment of the Circuit Court, on the demurrer, is in favour of the defendant.

This appears to us to be a plain case. The declaration shows that the defendant collected the money, for which the suit was brought, as the agent of the plaintiff. To entitle a party, under such circumstances, to recover, he should aver and prove a demand of the money previously to the commencement of the suit. It would be unjust, and contrary to the implied contract between the parties, in cases like the present, to subject the agent to a suit for the money collected by him for his principal, without a previous demand.

It is decided, that, in an action against a factor for the proceeds of goods sold on commission, the plaintiff must aver and prove a previous demand of an account. *Topham* v. *Braddick*, 1 Taunt. 572. So, also, where a man was authorised by another to sell a tract of land for his principal, and collect the purchase-money for him, it was held that the agent was not liable to an action for the money collected, until after it had been demanded. The Court there says, that it is sufficient, in such a case, for the agent to keep the money safely, and pay it according to the request of the party entitled to demand and receive it. *Williams* v. *Storrs*, 6 Johns. Ch. Rep. 353, 358. There are other cases, also, in which it is expressly decided, that an action will not lie against an attorney or an agent for money collected by him, unless a demand have been made for it before the commencement of the suit. *Taylor* v. *Bates*, 5 Cow. Rep. 376, 379.—*Rathbun* v. *Ingalls*, 7 Wend. Rep. 320.

In the case now under our consideration, the money for which the suit was brought, is shown by the declaration to have been collected by the defendant, in the capacity of an agent for the plaintiff. The consequence is, that, according to the authorities to which we have referred, the declaration should have averred specially, that the money had been demanded of the defendant, previously to the commencement of the action against him. The demand was traversable, and should have been, therefore, specially alleged. That being the case, the declaration before us, averring no other request than the *licet sœpius requisitus* in the conclusion, is insufficient on special demurrer; and the judgment of the Circuit Court, sustaining the

demurrer because a special request was not alleged, must be correct.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Rariden,* for the plaintiff.

*O. H. Smith,* for the defendant.