By the Court.
Duer, J.
The declaration in this case is in assumpsit, and contains five counts; the first two upon promises made to the testator in his lifetime, and the three last upon promises made to the plaintiff as executrix. The second.plea embraces the first four counts and sets up as a bar the statute of limitations. The fifth plea, which is confined to the fifth count, except as to a small sum which under the fourth plea the plaintiff admitting to be due had brought into court, sets up the same bar. The replication to the second plea, omitting parts .merely formal, is as follows: “ And the said plaintiff, executrix,. *593 as to the said second plea, &c., saith, that by reason, &c., she ought not to be barred, &c., because she saith that the said several causes of action in the first, second, third, and fourth counts in the said declaration mentioned, accrued to the said plaintiff as executrix, &c., by reason of the said defendant having as agent and trustee in that behalf for the said plaintiff, received certain sums of money for her and with her consent, which said moneys were, at the time of the commencement of this suit, in the hands of the said defendant, and which had not, nor had any part thereof, been demanded from the said defendant until within six years next before the commencement of this suit; and this, &c.” There is a similar replication, mutatis mutandis, to the fifth plea, and to both these replications the defendant has demurred.
It was admitted by the counsel for the plaintiff that the replication to the second plea, in respect to the causes of action set forth in the first three counts of the declaration, involves a vicious departure, but he contended that as the demurrer is not limited to this infirmity, but covers the whole plea, it is too broad, and he cited several authorities to show, that upon this ground, it ought not to be allowed. It is needless, however, to consider whether this alleged mistake in the form of the demurrer would compel us to overrule it, since we are clearly of opinion that the entire replication, for reasons that apply equally to the replication to the fifth plea, is bad in substance.
Each of these replications assumes that an agent who has collected moneys, on account of his principal, is not bound until demand to pay them over, and that until demand no cause of action accrues to the principal, and from both these propositions, which were treated in the argument as identical, but which in reality are distinct, we entirely dissent. As a general rule, it is the duty of a collecting agent to pay over the moneys he collects, as soon as he receives them. It is this undertaking which the law imputes to him, and the cases which were relied on as establishing an opposite doctrine, are in truth only exceptions from this general rule. Thus, a factor, who has sold goods on account of a foreign correspondent, is not bound to remit the proceeds, *594 until he has received the instructions of his principal as to the time and mode of remittance, and for this plain reason, .that he is not bound to take upon himself the hazard of a remittance, which, should he act without a special authority, the law would, cast upon him. (Ferris v. Paris, 10 John. 286; Murray v. Coster, 20 Ibid. 556.) And it was upon the same ground, we apprehend, that the supreme court meant to place its decision in Taylor v. Bates, (5 Cow. 376,) in which it was held, that as there had been no previous demand, the defendant, as attorney, was not liable in that action for money he had collected on account of the plaintiff. It is a necessary inference from the language of the court, that the plaintiff resided in a different place from the attorney; and that the decision was founded upon this circumstance is evident from the reference which is made in the opinion of the court to the case of a factor as strictly analogous. Ferris v. Paris, is the only authority quoted and relied on.
Even where an agent, from the peculiar nature or circumstances of his agency, is only bound to pay upon demand, it by no means follows, that until a demand no cause of action accrues, so that the statute does not begin to run. It by no means follows that the principal, by omitting to make the necessary demand, may suspend the operation of the statute for an indefinite period. It is the duty, in all cases, of an agent who has collected money on account of his principal, to give him immediate notice of the fact, and when the principal has received such notice, he is bound to make the requisite demand, within a reasonable time, and if he omit to do so, he puts the statute in motion, and when he suffers the term which it limits to expire, is concluded by his laches. This exact question was determined by the supreme court in Stafford v. Richardson, (15 Wend. 305.) There was no demand in that case until the very day upon which the suit was commenced, but as it appeared in evidence that the plaintiff, more than six years before that day, had notice that the moneys which he claimed to recover had been received by the defendant,, it was very reasonably and justly held, that the expiration of the statutory term was an absolute bar. The replications in this case do not *595 aver that notice was not given by the defendant, until within six years previous to the commencement of the suit. They only aver that, until within that period, there was no demand, and therefore imply what is certainly not true, that until such demand, the causes of action could not have accrued.
There are other objections to these replications which, even upon the supposition'that the law is such as the counsel for the plaintiff contended, would be fatal. If a demand was necessary, the rules of law plainly require that it should have been positively averred. The replications contain no such averment. The fact may possibly be implied, but certainly is not averred. Nor is this all. If the causes of action never accrued to the plaintiff until demand, the special replications were useless, and the plaintiff, instead of replying, should have taken issue upon the pleas of the statute. The replications are therefore bad, for'the same reason that a plea is bad which amounts only to the general issue. . Upon this point we may refer to Howell v. Executors of Babcock, (24 Wend. 488,) as a controlling authority.
The defendant is entitled to judgment upon the demurrer; but ten days are allowed to the plaintiff to withdraw upon payment of costs, the replications demurred to, and either amend them, or take issue upon the pleas, as she may be advised.