SMYTHE (LOTTIMER v.). See Case No. 8,523.

SMYTHE (REICHE v.). See Case No. 11,-666.

SMYTHE (WOLF v.). See Case No. 17,928.

SMYZER v. The MINNIE. See Case No. 9,-117.

---

## Case No. 13,136.

### SNEED v. HANLY.

[Hempst. 659.] [1]

Circuit Court, Arkansas.[2]    April, 1853.

ATTORNEY AND CLIENT—MONEYS COLLECTED BY ATTORNEY—WHEN LIABLE—STATUTE OF LIMITATIONS.

1. An attorney at law is a trustee for his client as to moneys collected, and cannot avail himself of the statute of limitations. until demand, directions to remit, or some equivalent act.

2. Nor is he liable to an action. nor to interest. except from that time; for the cause of action does not before accrue.

3. Cases cited in notes showing that an attorney is not liable until demand. or instructions to remit. or unless he denies the plaintiff's right, and thus disavows the trust relation.

Assumpsit for money collected by the defendant [Thomas B. Hanly] as an attorney at law, and which he failed to pay over to the plaintiff [Alexander Sneed] on demand. The defendant plead the general issue and the statute of limitations. The case was submitted to the court, and the proof was that the defendant collected the money in 1835 or 1836; and that a demand was made upon him, the 19th of September, 1848, to pay the money to the plaintiff, and he refused; and this suit was commenced on the 5th March, 1849. The question was on the statute of limitations of three years.

D. J. Baldwin. for plaintiff, contended that the relation between attorney and client was that of trustee and cestui que trust; and

---

1 [Reported by Samuel H. Hempstead, Esq.]
2 [District not given.]

which was fully developed in the present case, and consequently that the statute did not run; and he cited on that point, Overstreet v. Bate, 1 J. J. Marsh. 370; Coster v. Murray, 5 Johns. Ch. 522; 1 J. J. Marsh. 401; 2 Kinne, Law Compendium, 118, 119; Taylor v. Bates, 5 Cow. 376.

A. Pike and E. Cummins, for defendant, insisted that where a statute of limitations did not make an exception, the courts could create none, and they cited 1 Cow. 357; 5 Cow. 74; 18 Johns. 40; 12 Wend. 676; 3 Port. (Ala.) 393; 3 Johns. Ch. 142; and to show that an attorney can plead the statute they cited Denton v. Embury, 5 Eng. [10 Ark.] 228, and as to demand, cited Lillie v. Hoyt, 5 Hill, 396, and the cases there referred to.

Before DANIEL, Circuit Justice, and RINGO, District Judge.

DANIEL, Circuit Justice. An attorney stands in the light of a trustee in respect of moneys collected for the latter, and consequently cannot avail himself of the statute of limitations, which only begins to run from demand, directions to remit, or some equivalent act. This rule seems to be sustained by very respectable authority; and certainly is comformable to justice and fair dealing. Taylor v. Bates, 5 Cow. 376; Rathbun v. Ingals, 7 Wend. 320; Hutchins v. Gilman, 9 N. H. 359. That may perhaps be considered as ending the trust relation, and the holding of the attorney afterwards would be adverse to, and not for the client. Walradt v. Maynard, 3 Barb. 584. For the protection of the attorney, the law is settled that he is not subject to an action as to moneys collected nor to interest on such moneys, until the trust is ended by some of the means indicated. The cause of action accrues at that point of time, and as it would be unjust to subject an attorney to an action before he is thus put in default, so, on the other hand, it would be equally unjust to allow him to obtain an advantage over his client, while trust relations exist between them. The case of Denton v. Embury, 5 Eng. [10 Ark.] 228, we are not disposed to receive as authority. Although the money in the present case was in all probability collected as far back as 1836, yet no demand appears to have been made until the 19th of September, 1848; nor does any thing appear equivalent to a demand, or to excuse it. previous to that time. This suit was commenced on the 5th of March, 1849, within three years after demand, and hence the defence of the statute of limitations cannot prevail. Judgment for plaintiff.

NOTE. See notes to case of Sevier v. Holliday [Case No. 12,680a]. Where money was placed in the hands of an agent to purchase slaves, which was neglected to be done, it was held, in a suit brought for the money, that the statute of limitations did not begin to run until demand on the agent by the principal. Buchanan v. Parker, 5 Ired. 597. In Ferris v. Paris, 10 Johns. 285, a foreign factor was held not to be liable for the proceeds of sales till he should first be directed how to remit, and

refuse to comply. In Ex parte Ferguson, 6 Cow. 596, a rule against an attorney who had collected money and failed to pay it over, was denied, on the ground that the money had not first been demanded from him. In Lillie v. Hoyt, 5 Hill, 398, Cowen, J., in delivering the opinion of the court, said, "If the attorney is to be protected until demand, it follows that he ought not to be allowed the benefit of the statute running till a demand is made." In Mardis v. Shackleford, 4 Ala. 493, it was held that an attorney was not liable to an action for money collected, until demand, or instructions to remit. And the same doctrine will be found in Staples v. Staples, 4 Greenl. 533; Satterlee v. Frazer, 2 Sandf. 141; Walradt v. Maynard, 3 Barb. 585; Krause v. Dorrance, 10 Barr, [10 Pa. St.] 462. As to demand, it may be observed, that it may be sometimes dispensed with as being both unnecessary and useless. As where the attorney denies the right of the other to call on him, or claims the right to hold money collected against the client. A demand in such a case would be an idle act, which the law never compels; because the legitimate object of a demand is to enable the party to discharge his liability agreeably to the nature of it. But where the right is denied, it would be an useless ceremony to go through the formality of a demand when no good could result from it. In such cases the acts of the party would be equivalent to an actual demand. Walradt v. Maynard, 3 Barb. 586; Krause v. Dorrance, 10 Barr [10 Pa. St.] 462; Beebe v. De Baun, 3 Eng. [8 Ark.] 510. In the case of Lockhart v. Ross [Case No. 8,447], decided at the April term of the United States circuit court for the Eastern district of Arkansas, 1855, Daniel, J., presiding, it was held, that an attorney was not liable for interest on moneys collected by him, except from the date of the demand, where an actual demand was made, or instructions to remit, and where neither existed, then from the institution of the suit, considering that as a demand, and the above case of Sneed v. Hanly was cited as authority on that point.