## WALDEN a. CRAFTS.

*New York Common Pleas; General Term, December,* 1856.

STATUTE OF LIMITATIONS.—LIABILITY OF FACTOR.

The rule is settled in this State that a foreign factor is not liable to an action for the proceeds of sales by him for account of his principal on commission, until a demand made by the principal or instructions to remit.

Nor does the statute of limitations commence to run against such action previous to such demand or instructions to remit.

No such demand or instructions will be presumed from lapse of time.

The mere statement in the complaint that the claim was due at a certain time does not conclude the plaintiff under the statute of limitations, if it appear from the facts stated that the right of action did not accrue till a later date.

Appeal from a judgment rendered on trial by the court without a jury.

The complaint in this action, alleged that during the year 1838, the plaintiff carried on mercantile business in Great Britain, and the defendants, Samuel F. Crafts, Henry Stevens, and John Tucker, were in partnership in business in New York. That during 1838, plaintiff consigned goods to the defendants, as factors, to be sold on commission. That the defendants sold the goods during the same year, on a credit which expired May 5, 1839, and *on that day* there was a balance due the plaintiff from the defendants, on account of the sales, of $3936 28, payment of which had been demanded since that day, but had never been made. The complaint demanded judgment for $3936 28, with interest from May 5, 1839.

The action was commenced in November, 1850.

The defendants pleaded the statute of limitations, only.

The plaintiff replied, denying the allegations in the answer that the cause of action did not accrue within six years, and also set up that at the time when it did accrue, the defendants all resided within this state, but afterwards the defendant, Tucker, left the State; and that deducting the time of his absence, less than six years would be left since the cause of action accrued.

The action was tried before Judge Ingraham, without a jury; who decided:—

That the cause of action did not accrue until plaintiff demanded payment of his balance, or gave instructions to remit.

That he was not concluded by his statement in the complaint that the balance claimed became due on May 5, 1839.

That there was no legal presumption of a demand made more than six years before the commencement of the action.

That there being no evidence of demand or instructions to remit, the claim was not barred by the statute, but the defendant was entitled to interest from the commencement of the suit only.

From this judgment both parties appealed to the general term.

*A. F. Smith*, for plaintiff.

*Jeremiah Larocque*, for defendants.

WOODRUFF, J.—The plaintiff in this action carrying on business in the kingdom of Great Britain, in the year 1838, consigned various goods to the defendants, then carrying on business as copartners in the city of New York, for sale, upon commission, for the plaintiff's account, they (the defendants) guaranteeing the sales. The goods were received by the defendants, and sold by them in the course of that year upon such terms as to credit, as entitled the plaintiff to demand and receive payment of the proceeds on the 5th of May, 1839. On the 22d day of November, 1850, the plaintiff commenced this action to recover the proceeds of the goods, and it was averred in the complaint, and not denied in the answer, that after the 5th day of May, 1839, and before the commencement of this

suit, the plaintiff demanded payment of such proceeds from the defendants.

The defence relied upon was the statute of limitations.

It appeared on the trial that at some time after the sale of the goods the defendants rendered to the plaintiff an account of the sales and of the charges appertaining thereto, the balance whereof was therein stated as " $3936 28, due April 25, say May 5." When this account was rendered it did not appear, except so far as it might be inferred from the circumstances, that it was in the plaintiff's possession, and was produced upon the requirement of the defendants at the trial, and bore date, New York, November 17, 1838.

The defendants on the trial insisted, and now on this appeal insist, that the plaintiff's claim is barred by the statute of limitations, while the plaintiff insists that no cause of action arose in the plaintiff's favor until after demand of payment by him, or after instructions to remit, and that the statute of limitations did not begin to run until such demand made or instructions given.

This presents the sole question presented by the defendants' appeal.

After a careful examination of the authorities referred to by the counsel, I am constrained to say, that this court is bound to regard the rule as settled in this State, that a foreign factor is not liable to an action for the proceeds of sales made by him for account of his principal on commission until a demand made by the principal or instructions to remit. A course of previous dealing between the parties might be equivalent to such demand or instructions, as establishing an implied agreement to do in the particular case just what had theretofore been usual and customary in such previous dealings ; but in the absence of any such circumstances, I apprehend it is settled in this State, that such factor is not liable to an action until the foreign principal has put him in *default.*

The case of Ferris *v.* Parris, (10 *Johns. R.*, 285), is directly to this point. The court there say in terms, not only that the factors were bound to pursue the directions of their principal, but *after apprising* him of the sale, to wait for *those directions,* and until default on their part they were not liable to an action.

In Leverick *v.* Meigs, (1 *Cow.*, 646), the duty of a factor and the nature and effect of a commission *del credere*, are considered by the court at great length, and the rule that a factor may wait for instructions as to the mode of remitting net proceeds, and that he is not liable to an action until a default on his part in remitting or paying the proceeds *according to the order of his principal* is stated. And in that case also, the circumstance that the factor sells under a *del credere* commission, guaranteeing the sales, is considered and shown not to affect his relation to his principal in any respect, save that he is held to an unqualified undertaking, that the purchaser of the goods shall pay for the goods according to the terms of sale.

Taylor *v.* Bates, (5 *Cow.*, 379), reaffirms the principle.

The subsequent cases reaffirm the doctrine in terms entirely explicit. In Cooley *v.* Betts, (24 *Wend.*, 203), the very point decided was that an action will not lie against a factor or agent to whom goods are sent to be sold at auction, for the proceeds thereof, without a demand of such proceeds, or instructions to remit—and in that case, while the opinion seems to admit a doubt whether an action for *not accounting* might not lie without a demand of an account of the sales, it affirms that an action for the money cannot be sustained without proof of a demand or instructions. In Lillie *v.* Hoyt, (5 *Hill*, 395), though a mere collecting agent was held liable without a demand, it is regarded as settled that a foreign factor is not. In Hays *v.* Stone, (7 *Hill*, 128), it is again said of factors in New York, who received moneys for a principal residing in Liverpool, that " no cause of action arose against them by the mere receipt of the money, but a demand and refusal to pay or some misapplication of the money, or some violation of orders was necessary to be shown before *any right of action* would be established in favor of the plaintiff—and in Baird *v.* Walker, (12 *Barb.*, 300), the same rule is distinctly affirmed.

The justice of the rule is very apparent when another principle is taken into view, viz., that if the factor undertakes to remit when no direction or authority has been given, the remittance is at his own risk, and hence the rule stated in one of the cases above mentioned, and also in Hurback *v.* Mollenen, (2 *Duer*, 252), that it is his duty, giving early information of the

receipt of the money or sale of the goods, *to retain* the proceeds subject to the order of his principal, unless he has been directed or authorized to remit them.

This point I must therefore regard as settled, that until a demand made of the defendants, or until instructions were given to remit, the plaintiffs in this case could not maintain an action for the proceeds of the goods.

The next step in the present inquiry, viz., When did the Statute of Limitations begin to run in favor of the defendants? seems to me answered in the very terms in which the rule is above stated. The cause of action cannot be said to accrue to the plaintiff, until he be in a situation in which if he bring suit his action may be maintained, and this view is in like manner recognized by the cases. In Lillie *v.* Hoyt, it is said that where the party is to be protected until demand, " it follows that he ought not to be allowed the benefit of the statute running till a demand is made." I can discover no ground for saying that a plaintiff who has no cause of action, is within a statute bar only applying six years after the cause of action has accrued. The very point was determined in conformity with this view of the subject in Baird *v.* Walker, (12 *Barb.*, 300), and the case cited in many of the cases above mentioned, Topham *v.* Braddick, (1 *Taunt.*, 571), is to the same effect.

It is argued that it contravenes the spirit of the statute to make its operation depend upon the will of the plaintiff, and to enable him, by omitting to make the demand, to preserve the right to claim the money for an indefinite number of years. The answer is plainly this : when parties place themselves in such legal relations to each other voluntarily, neither can complain. The hardship upon the defendants (if there be any hardship in the matter) is no greater than in any case in which an actual demand is necessary by the very terms of the agreement of the parties. Or to take an analogous case of an agreement to pay a person so much money in thirty days after his return from Europe to New York. If he do not return until four years have passed, would it be claimed that he must sue within two years or two years and thirty days thereafter. It could not, I think, be successfully insisted in such case, that the statute began to run until thirty days after such return.

VOL. II.—20

Unless we can go to the length of saying that wherever the plaintiff has it in his power to perfect his right of action by performing on his part the condition upon which it will accrue to him, there the statute begins to run from the. date of the promise to which the condition is annexed, we cannot say that the statute in this case began to run until demand made.

I know of no rule of construction and of no authority which will warrant such an interpretation of the statute, and in the face of the authorities to which I have referred, it is proper that I should, if I thought otherwise, so far defer to those authorities as to leave it to the court of last resort to adopt such a construction if it be made to appear the proper view of the statute.

I fully concur in the opinion at special term, that the language of the present complaint, in stating the gross proceeds of sales, and then the charges and expenses as "leaving a balance due on May 5, 1838, of $3,936 38," does not alter the result in this case, not only because that was a statement of the result of deducting the amount of charges and expenses from the gross proceeds, and stating the mere legal inference therefrom, but because this balance, although due, was not (for the reasons above given) payable, until after demand.

It is said that from the lapse of time a demand may be presumed, and such a suggestion is made in some of the cases. If this be conceded, at what period will the demand be presumed to have been made. No criterion is suggested beyond the words "a great lapse of time." Surely such a presumption of demand would not exist until the six years expired, and if the statute does not begin to run until the time arrives at which it is presumed the demand was made, this would not aid the defendant in this case, for even in this view the plaintiff may insist that the presumed demand was on the last day of the sixth year, with as much propriety as the defendant may presume that it was made at an earlier day. My conclusion is that there is not, in this case, any legal presumption that a demand was made more than six years before the action was commenced.

The result is that there is no ground for reversing the judg-

ment upon the appeal of the defendant herein, but that it should be affirmed.

In relation to the appeal brought by the plaintiffs herein, it is sufficient to say that though brought to argument in connection with the defendant's appeal, it was so done upon the understanding that the court, if they deemed the defendant's appeal without sufficient foundation, should affirm the judgment. Had it been otherwise, I should, I think, have felt bound by the case of Brown *v.* Delafield, (6 *Denio,* 445), and the reasons there given, to affirm the judgment.

Judgment affirmed with costs.