JUDGE HARDIN
delivered the opinion of the court:
A suit brought by the appellees as the administrators of E. S. Armstrong, deceased, against the heirs and creditoj’s of said decedent, for a settlement of the estate, having been referred to a commissioner to receive and hear proof of claims against the estate, the appellant presented Ms claim before the commissioner, verified by Mm, for a balance of money alleged to have been collected by said Armstrong as an attorney at law for the *264 appellant, from one J. McC. Caldwell, by suit in the Grant circuit court.
The claim was allowed and reported by the commissioner for one hundred and thirty-six dollars, at the May term, 1863; and, at the same term, the following exception was filed: “ Plaintiffs except to the claim allowed W. L. Roberts because the same is barred by the statute.”
, Without disposing of this exception, the court seems to have again referred the cause to the commissioner; and, in the meantime, the administrators filed their written statement, relying on the statute of limitations as a bar to appellant’s claim, stating that said claim “ is barred by the statute of limitations, as shown by defendant’s statements of his said claim and the affidavits filed therewith, which statute the plaintiffs plead and rely upon as a bar to said claim.”
The statement of the claim referred to, and the evidence accompanying it, show that Armstrong received several sums of money of Caldwell, as the appellant’s attorney, at different times, the last of which being within five years next before the death of Armstrong, but more than five years and six months before the presentation of the claim before the commissioner.
The claim was again reported as allowed by the commissioner, and the objection was again taken by an exception, suggesting that the claim was barred by limitation; and, on a hearing, the court sustained the exception, and rendered judgment in bar of the claim, from which Roberts appeals to this court.
As the claim appears to be sufficiently supported by the evidence, the principal question to be determined is, ■whether or not, under the peculiar circumstances of the *265 case, the representatives of Armstrong could avail themselves of the statute of limitations as a bar to the claim.
Armstrong .was the attorney of the appellant, and received the money of Caldwell in that capacity, and it does not appear that any demand of the money in his hands was made of him at any time, or that he ever refused to pay over the money in accordance with the trust and obligation which his relation to the appellant as his attorney devolved upon him.
Was there a right of action against him without a demand and refusal to pay, or at least some act manifesting a purpose to withhold the money? An attorney’s liability rests upon the principle of his agency for his client, and it would seem to be in opposition to the very nature of the trust imposed by his agency to hold him liable to an action for money collected by him until after a refusal on his part to pay it over. (Taylor vs. Bates, 5 Cowan, 376; Rathbone vs. Ingalls, 7 Wendell, 320; Cummins vs. McLain and Budgett, 2 Arkansas R., 402.)
As, from the facts appearing in the record, no right of action accrued in favor of the appellant upon his claim against Armstrong, the plea of the statute of limitations did not interpose a bar to the claim.
But as the presumption of payment or release, arising from length of time, which is certainly th'e most important reason for limiting actions by law, should, in some form, be applied for the relief of attorneys and collecting agents in cases like the present, we perceive no sufficient reason why such presumption, when properly relied on, should not, by analogy to the statute, be regarded as sufficient to defeat an action where, under different circumstances, the statute would apply, unless the facts should be such as to repel the presumption.
*266 In this case, however, payment was not relied on as a distinctive ground of defense to the claim. But, waiving this objection, the admissions of Armstrong to one of the witnesses, shortly before his death, seem to us to have been sufficient to repel the presumption of payment arising from the length of time which had elapsed since he received the money.
Wherefore, the judgment rejecting the appellant’s claim is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.