## Stephen V. Thomas et al. v. Sally Ann Hoffman.

*Trespass: Discontinuance: Severance.* It is competent for the Circuit Court to permit a plaintiff in an action of trespass, after a general verdict against several defendants, to discontinue as to some, and enter a judgment against the others. In a case where the damages may have been aggravated by the conduct of a defendant, found guilty by the jury, but against whom the plaintiff does not take a judgment, the remedy is by application to the Court for a new trial.

*Heard October 22. Decided October 25.*

Error to Lapeer Circuit.

This was an action of trespass, brought by Sally Ann Hoffman in the Circuit Court for the County of Lapeer, against Stephen V. Thomas and thirteen others, against all of whom on the trial the jury found a general verdict. A motion having been made for a new trial, the plaintiff below, by leave of the Court, discontinued as to three of the defendants, and entered judgment against the others; which judgment comes into this Court by writ of error.

*A. C. Baldwin,* for plaintiffs in error.

*M. E. Crofoot* and *C. I. Walker,* for defendant in error.

COOLEY, J.

The only question in this case relates to the correctness of the action of the Court in permitting a discontinuance as to three of the plaintiffs in error, after verdict against all, and then rendering judgment against the others without a new trial.

The action was in trespass against fourteen defendants, and it was tried January 27, 1869, and a verdict rendered for five hundred and fifty dollars damages against all. The same journal entry which records this verdict includes also a judgment upon the verdict against all; but this was probably an inadvertence of the clerk, as on the same day twenty days were allowed the defendants in which to move for a new trial. The motion for a new trial appears to have been made and argued, and on the 21st day of October, 1869, the Court made the following order thereupon:

"The motion on behalf of said defendants for a new trial having been duly argued by the attorneys for the respective parties, and having been duly considered by the Court, and it appearing that the verdict rendered by the jury aforesaid against the said defendants, Myron C. Kenney, William J. Loder, and Shadrach N. Vincent, was contrary to the evidence in the cause, there being no sufficient evidence in the cause to show that said defendants, Myron C. Kenney, William J. Loder, and Shadrach N. Vincent, were guilty of the trespass, and that said verdict being contrary to the charge of the Court in that respect, it is now here considered and ordered that a new trial be granted in this cause, unless the plaintiff, within one day, elect to discontinue said cause as against the said defendants, Myron C. Kenney, William J. Loder, and Shadrach N. Vincent, and to an entry of a judgment for costs in their favor."

Thereupon the plaintiff elected to discontinue as to these three defendants, and judgment for costs was entered in their favor, and judgment had against the other eleven defendants upon the verdict. On the next, day attention having apparently been called to the fact that judgment had previously been entered upon the verdict, an order was made vacating such entry, and a new judgment was entered in favor of the three defendants as to whom suit had been discontinued, and against the other eleven in due form. The defendants thereupon brought error.

The ground taken is, that after a cause has been submitted to a jury, and they have by their verdict assessed joint damages against all the defendants, the plaintiff cannot discontinue as to one or more of the defendants, and retain his verdict or judgment as to the others. It is conceded that, as all torts are joint and several, the plaintiff who has joined several as wrong-doers in one action, may discontinue as to any of them before verdict; and it is also conceded that the authorities sanction a discontinuance after verdict as to any defendant who, by reason of any rule of law, could not properly have been joined, and also as to any defendant against whom damages have been severally assessed, but it is claimed that they do not go farther.

The books of practice lay down the rule as follows: " In actions *ex delicto* the plaintiff may enter a *nolle prosequi* as to some of the defendants, and proceed against the others, at any time before final judgment, although they all join in the same plea and be found jointly guilty." This is the rule as stated by Tidd (*Prac.*, *682*), and he is followed by Archbold, Graham, Burrill and Green. Several cases are relied upon as authority for this rule, and the plaintiffs in error deny that they warrant the deduction which Mr. Tidd makes. A case in *Cro. Cas.*, *239*, was

where the defendants severed in their pleas. Another in *3 Salk.*, *246*, was also one where the issues were several as to the different defendants. *Parker v. Lawrence et al.*, *Hob.*, *70*, was trespass against three, and plea of not guilty by one, and justification by the others, to which the plaintiff demurred. Pending the demurrer, the issue of fact was tried, and verdict rendered for the plaintiff, who thereupon discontinued as to the other defendants and took judgment upon the verdict. Upon this judgment error was brought, and the claim was that the discontinuance as to the two was a discharge of all; but the Court held otherwise, and affirmed the judgment. *Rodney v. Strode et al.*, *Carth.*, *19*, was trespass and false imprisonment against three. Two pleaded jointly and one confessed the action. The issue of fact was tried and judgment of guilty rendered, with one thousand pounds damages against one defendant, and fifty pounds damages against each of the others. Thereupon the plaintiff entered a *nolle prosequi* as to the two last, and asked judgment against the other. This judgment was resisted upon the same claim as in the case in *Hobart*, that the discontinuance as to some after verdict was a release of all. It was argued for the plaintiff that "the defect of the verdict in assessing several damages was cured by the *nolle prosequi*, and it is very reasonable it should be so, because the plaintiff might bring his action against the defendants jointly or severally; therefore, after verdict he ought to have the like election as to the damages." And of this opinion was the Court, and the plaintiff had judgment, which was afterwards affirmed in the Exchequer Chamber and in the House of Lords.

None of these cases, certainly, is authority for so broad a rule as is stated in Tidd, but they all recognize the right of the plaintiff in an action of tort to enter a discontinuance after verdict as to a part of the defendants without

discharging the rest under some circumstances; and none of them intimates that there are limitations upon that right. *Coux v. Lowther, 1 Ld. Raym., 597,* which is also cited in the books of practice to the same point, though not a direct authority, appears nevertheless to recognize the rule which Mr. Tidd states. The action was trespass, and a verdict with joint damages was rendered against two defendants. One of the defendants died, and judgment was taken against Coux, the survivor, without any discontinuance or suggestion of any sufficient reason of record for omitting the other. Holt, Ch. J. said it would be very difficult to maintain this judgment, the damages being joint, and judgment being entered against the one before *nolle prosequi* entered as to the other, so that at the time of the judgment it was erroneous to charge Coux with all the damages and give no judgment against the other. This is a plain intimation that had a discontinuance been entered against one after the verdict, a judgment might regularly have been entered up against the other; and of the same opinion appears to have been the court in *Dale v. Eyre, 1 Wils., 306.* That case was trover against a defendant executor, and other defendants, not executors, for a conversion in the lifetime of the defendant, executor's testator. Verdict of guilty against the defendants, not executors, and not guilty as to the other. It was objected in arrest of judgment that this being a tort does not survive, and you cannot join the executor, a defendant, with the others. To this it was answered that if all the defendants had been found guilty, the plaintiff might have entered a *nolle prosequi* as to any of them. By the court to the defendant's counsel: "What say you to that? Cannot the plaintiff enter a *nolle prosequi?* You come too soon. We cannot tell but the plaintiff may help it by entry," and the rule to show cause why the judgment should not be arrested was discharged.

Mr. Sergeant Williams (*1 Wms. Saund., 207, n.*), relies upon the cases in Ld. Raymond and Wilson as authority for the rule as stated in Tidd. He says: "It seems clear that where any action founded on a tort, such as assault and battery, false imprisonment, trover, and the like, is brought against several defendants, though they all join in the same plea, and be found jointly guilty, yet the plaintiff may after verdict enter a *nolle prosequi* as to some of them, and take his judgment against the rest.—*1 Ld. Raym., 597, Coux v. Lowther ; 1 Wils., 306, Dale v. Eyre;* and the reason thereof seems to be because these actions, being in their nature joint and several, as the plaintiff might therefore have originally commenced his action against one only, and proceeded to judgment and execution against him alone, so he may after judgment against several elect to take his damages against either of them (*Carth., 20*), and upon this ground it is, that where a jury give a wrong verdict in. point of law, the plaintiff may cure the defect in the verdict by entering a *nolle prosequi* before judgment. As when several persons are jointly charged in an action of assault, battery, and false imprisonment, who either plead jointly or sever in their pleas, or one suffers judgment to go by default (for it is immaterial which is the case), if the jury assess several damages the verdict is wrong and the judgment will be erroneous.—*5 Burr., 2792, Hill v. Goodchild.* But the plaintiff may cure the verdict by entering a *nolle prosequi* against all the defendants but one and taking judgment against him only.—*Cro. Cas., 239, 243 ; S. C. 2 Roll. Abr., 100, pl. 5 ; Carth., 19 ; 6 T. R., 199, 200, Mitchell v. Milbank.*"

We do not find the rule as thus stated questioned by any English authority, but several American cases are supposed to be in conflict with it. Of these, *Blanchard v. Gregory, 14 Ohio, 413,* and *Saunders v. Harris, 5 Humph.,*

*345*, only decide that · a joint judgment against several defendants, which is erroneous as against one, is erroneous as to all. *Jewell v. Wrink*, referred to as in *3 Blackf.*, *252*, we have been unable to find. The question in *Turpin v. Turpin, 3 J. J. Marsh.*, *327*, related rather to the time in which the proceedings were had, than to the right to take them at all. *Cunningham v. Dyer, 2 T. B. Mon.*, *50*, appears to be in point, but the matter seems to have received very little attention, and no authorities are referred to. We cannot regard this case as unsettling the practice so long established, and never before, so far as we are aware, questioned. Indeed, in none of the American cases cited on either side of the argument of this cause does the precise point now involved appear to have received particular attention.

Nor are we aware of any reason why we should settle the rule otherwise if we were now called upon for the first time to determine what it should be. The · reason urged against it is that it may sometimes work serious injustice to the other defendants, inasmuch as it is not impossible that the conduct of the defendants, who are released, may have seriously affected the minds of the jury in their estimation of the damages. But the judge who tries the cause must be appealed to for the correction of a wrong of this character, and in a case where, in his opinion, the damages had been thus wrongfully aggravated, he could, of course, be relied upon to grant a new trial. In the present case no such wrong can be suggested, and as the defendants who are released are found by the judge not to be connected with the trespass by the evidence, it was manifestly a proper exercise of discretion to require them to be discharged. The result is that the defendants, against whom alone the evidence was directed, are left precisely now where they would have been, had no others been joined in the writ.

We attach no importance to the fact that judgment had been entered. before the motion for a new trial was decided. A judgment entered at the time this was, would, of course, be subject to the order of the court upon that motion, and it was proper to. vacate it for the purpose of giving effect to the order regarding the new trial.

The judgment should be affirmed with costs.

CAMPBELL, CH. J. and GRAVES, J. concurred.

CHRISTIANCY, J. did not sit in this case.