(78 Misc. Rep. 179.)

### INTERNATIONAL TRUST CO. v. CAROLINE.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. BILLS AND NOTES (§ 123*)—PERSONS LIABLE.

A note signed, "C. Leather Company, by H. C., Prop.," did not impose an individual liability upon H. C.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 260–267, 1393; Dec. Dig. § 123.*]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 326*)—RELEASE BY CREDITORS —CONSTRUCTION OF PLEADING.

The answer, in an action on notes signed by a leather company, by C., its proprietor, and indorsed by defendant, alleged that the company was a copartnership, in which defendant was a partner, and that after the execution of the notes the copartnership executed an assignment of assets to trustees for the benefit of creditors upon condition that all the creditors, becoming parties thereto, take whatever dividends accrued in full payment of all claims "against the defendant, his copartners, or any of them," and that plaintiff took such dividend, "which said sum the plaintiff accepted as a full and final payment of any and all claims which he then had against the C. Leather Company, of which the defendant was a copartner." *Held*, that the answer alleged that defendant and his copartner were individually discharged by the acceptance of the dividend by plaintiff and his copartners, as well as the copartnership itself; the subsequent pleading of the legal conclusion that the partnership was discharged not affecting the other allegations.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 950–957; Dec. Dig. § 326.*]

Appeal from City Court of New York, Trial Term.

Action by the International Trust Company against Israel Caroline. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Goldstein & Goldstein, of New York City (David Goldstein, of New York City, of counsel), for appellant.

Louis W. Severy, of New York City, for respondent.

BIJUR, J. The complaint sets out that certain notes were made in favor of plaintiff by the Caroline Leather Company and signed, "Caroline Leather Co., by Harry Caroline, Prop.," and that the defendant indorsed the same. As a separate defense the defendant sets up that the Caroline Leather Company was a copartnership, in which he was a partner; that, subsequent to the making of the notes in suit, the copartnership executed an assignment of certain assets to trustees for the benefit of creditors, upon the condition that all the creditors, who became parties thereto, took whatever dividends accrued in full payment of all claims "against the defendant and his copartners, or any of them"; that the plaintiff took such dividend, "which said sum the plaintiff accepted as a full and final payment of any and all claims which he then had *against the Caroline Leather Company,* of which the defendant was a copartner."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The appeal is based on the fact that the learned court below dismissed the separate defense. The motion for a dismissal of the complaint was not very clear. If plaintiff meant to claim therein that the notes in suit were the notes of Harry Caroline, individually, and not the notes of the partnership, the Caroline Leather Company, the claim cannot be sustained. The notes were not signed by Harry Caroline, and the complaint itself alleged that they were made by the Caroline Leather Company.

[2] If, however, plaintiff is to be understood as having meant that defendant pleaded a discharge of the partnership only, and not that of the individual defendant as indorser, then it must be noted that the terms of the agreement, into which plaintiff entered, are pleaded in the defense as constituting a satisfaction and discharge of *the defendant* and his copartners, or any of them, and that it is alleged as a fact that plaintiff became a party to such agreement. The mere incident that defendant has, in a further portion of the defense, pleaded, as a legal conclusion merely, that the partnership was discharged, does not limit the effect of the allegation of fact hereinabove referred to. Cutting v. Lincoln, 9 Abb. Prac. (N. S.) 436, 438; Walden v. Crafts, 2 Abb. Prac. 301, 306; Brewster v. Striker, 2 N. Y. 19, 41; Union Bank v. Bush, 36 N. Y. 631; Chatfield v. Simonson, 92 N. Y. 209, 216, et seq.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.