## Evans v. Wade.

### (Decided December 18, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Attorney and Client—"Money of Client," Collected by Attorney, Held to Refer to Money Collected from Third Person for Use and Benefit of Client.—In Kentucky Statutes, section 104, as to attorney's failure to pay over to client, after collecting, the money of his client, money of client collected by attorney means money collected from third person for use and benefit of client, and not money paid by client to attorney under contract, by which attorney agrees to represent client in certain litigation.

2. Attorney and Client—Client Cannot Recoup Money Paid Attorney under Contract, Nor Can Attorney be Suspended for Refusing to Repay.—Where attorney furnished cash bond with own money to release client from jail, and thereafter client paid attorney amount of bond under agreement that attorney could keep all over fine to be imposed, and attorney succeeded in getting client off without fine, client cannot recoup money in violation of contract, nor can attorney be suspended, under Kentucky Statutes, section 104, for refusing to pay back money.

3. Attorney and Client—Attorney Not Subject to Suspension Unless he Wrongfully Refuses to Pay Client His Money, and is Entitled to Opportunity to Repay Before Action.—Under Kentucky Statutes, section 104, attorney cannot be adjudged suspended except where he wrongfully neglects or refuses to pay over client's money, and attorney is entitled to opportunity to repay client before institution of proceedings.

J. L. RICHARDSON for appellant.

BERNARD B. BAILEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The judgment from which this appeal is prosecuted suspends appellant, Lewis C. Evans, a regularly practicing attorney at the Louisville bar, from the practice of law in all of the courts of this Commonwealth for a period of one year from the date of the judgment and until he repays appellee, Wade, the sum of $27.00, received by him from Wade. For appellant it is insisted:

"1. That it is not shown that the appellee made a demand as required by section 104 of the Kentucky Statutes for the return of the money and that the wife could not act as his agent in making the demand; that if she could legally act as his agent she did not disclose her agency in all of her conversation with appellant.

"2. Judgment was entered against appellant for a fine of $10.00 to which he has no title and to which appellee has no title and also for a $2.00 bond fee which appellant paid for appellee.

"3. The contract was fully understood, was not fraudulently obtained, commensurate service was performed."

In response to these contentions appellee says:

"1. The purpose of making a demand upon an attorney before instituting action against him for the return of money is to give notice and an opportunity for an adjustment. It is not material that the demand was made by an agent who did not disclose his authority so long as the purpose of the demand is accomplished. The appellant was given notice and full opportunity to make an adjustment. He did not intend to return any money, so that disclosure of agency was immaterial.

"2. The contract between the appellant and his client (the appellee) was objectionable and unethical because of its speculative character; and this was the main ground for the appellant's suspension."

The learned trial judge delivered an extended opinion which is made a part of the record. The judgment is based upon the provisions of section 104, Kentucky Statutes, which, in part, reads:

"If any attorney at law shall collect the money of his client and, upon demand, wrongfully neglect or refuse to pay over the same, the circuit court of the county in which the money may be collected shall, after notifying the attorney to show cause against the same, suspend him from practice in any court for twelve months, and until the money shall be paid."

The same section contains a provision that

"A demand of the money shall be made of such attorney in the county of his residence, and no such proceeding shall take place unless it is commenced within two years next after the collection of the money."

In the case of Roberts v. Armstrong, 1 Bush 263, we held that a demand must be made before a proceeding of this character can be maintained against an attorney.

Appellant had represented Wade as an attorney on a former occasion when he was charged, as in this case, with the offense of being drunk and disorderly and abusing his wife at their home in Louisville. Appellee's wife caused his arrest on both occasions and was the chief witness for the Commonwealth. On the morning of the occasion of which complaint is now made, appellant was called to the phone about 7 or 7:30 and by a female voice was told that appellee Wade was in jail, to which statement was coupled an absolute or implied request to go, as an attorney, and look about the case. With this in mind appellant hurried down to the police headquarters and received a written statement of the offense charged against appellee, Wade, and from there went to the bond recorder's office, where he tendered the slip and learning that the bond was $25.00 and the fee for the bond $2.00, deposited $25.00 for the bond and paid the clerk $2.00 for taking and approving the bond, obtained a release

for the appellee, Wade, and went to the court room, reaching there about 8:30, where he found Wade with a numbero of other prisoners locked in the prisoners' dock. Appellant sent for Wade, who came out and the two retired to a witness room adjacent to the courtroom, where appellant told Wade, in substance, that he had been called to come to the courthouse to represent him and that he had already made bond for him by depositing $25.00 of his own money with the bond recorder and had paid a fee of $2.00 for the bond, and that he, Wade, was then released from custody; that Wade said, in substance, to appellant, I am glad you are here; that he had important business in connection with his regular business at home which he desired to attend to and asked appellant if he could be excused and appellant remain and represent him, to which appellant replied in substance that appellee could go and that appellant would remain at the courthouse and represent him, but appellee must pay him $27.00 for the bond and fee paid to the clerk and as attorney fee. Appellant then and there told appellee he would pay out of that sum any fine assessed by the court against appellee and retain the balance for his fee. This being agreed upon, appellant and appellee went down to the property custodian's office where Wade on the night before when under arrest had left $50.00 or $60.00 in money. This money was returned to Wade and he then and there paid to appellant as his attorney $27.00 to cover the items to which we have referred, at the time asking appellant if he could not accept one-half of the $$27.00 and allow him to pay the balance later, which proposition appellant declined and insisted on a full payment, saying, in substance, I have already paid that amount for you. Thereupon the $27.00 was paid and appellee immediately thereafter departed for his home and appellant retired to the courtroom where he awaited the calling of the case against appellee, Wade. It was one of the last cases on the day's docket. When it was called appellant says he represented appellee, Wade; that there was a trial and one or more witnesses were introduced and examined and cross-examined; that the court assessed a fine of $10.00 against appellee, Wade, for being drunk and disorderly; that the prosecuting witness, Mrs. Wade, wife of appellee, did not appear; that appellant took advantage of this and made an argument to the court in effect that in such cases where the offense had been committed in the home of the defendant and the

prosecuting witness did not appear the court should suspend the fine; that finally the prosecuting attorney consented to this and the court suspended the fine. Further testifying Wade said that it was definitely understood between them that the $27.00 paid by Wade to appellant was to cover the bond recorder's fees and the fee of appellant as attorney for Wade, and that in no event was Wade to receive back any part of the amount. That Wade paid the money to appellant with this precise understanding there is no doubt. Appellant is corroborated in his evidence by the bond recorder, who stated that early in the morning of the day and about the same hour which appellant testified he was called on the phone by a female voice, the recorder testified that he was called at his office by a female voice to know about the Wade case. The property custodian of the court testified that appellant appeared there with appellee. The police department testified appellant came there early in the morning and inquired about appellee, Wade's, case, the nature of the charge against him and obtained a written statement. The bond recorder testified that appellant brought the statement from the police department to him and then and there executed bond for appellee, Wade, putting up $25.00 in cash, which he took from his own pocket, and that Wade was not with him; that he also paid $2.00 as a fee to the recorder for the bond and that the recorder gave to appellant a statement showing that Wade had executed bond and was entitled to his liberty and that appellant then departed with this statement in the direction of the courtroom.

The trial court seems to base its judgment upon the unethical method of procedure by which appellant became the attorney for appellee, Wade, and, in support of this view, sets out in its opinion that appellant solicited employment from Wade. This does not appear to be supported by the facts. On the contrary, Evans went at the solicitation of a female voice, he having represented Wade upon a previous occasion on a like charge. While Wade may not have known that Evans was called Evans thought he had been called at the direction of Wade, and when he saw Wade and told him the circumstances Wade stated he was glad he was there, and immediately entered into an agreement with appellant to represent him in the case. The lower court also concluded from the evidence and so states in its opinion that the contract made between Wade and appellant was a chancing bargain, and

not such as a member of the legal profession should countenance, much less enter into. True, it was rather in the nature of a contingent fee, the amount of it depending upon the success of the attorney in bringing about the acquittal of appellee, Wade; or, in case of his conviction, procuring a low fine. However, we shall not go into a discussion of the facts of the case as it may be finally determined upon other grounds.

In the first place, we do not think the statutes, section 104, was properly interpreted by the trial court. Money collected by an attorney for his client undoubtedly means money collected by an attorney from a third person for the use and benefit of his client and not money paid by the client to the attorney under a contract by which the attorney agrees to represent the client in certain litigation. The plain letter of the section of the statute says: "If any attorney shall collect the money of his client, and, on demand, wrongfully neglect or refuse to pay over the same, he shall be suspended from the practice," evidently meaning that if an attorney who has a claim of a client for collection and makes such collection for his client and thereafter wrongfully neglects or refuses to pay over the money the attorney may be suspended. The attorney in no case may be adjudged suspended except where he wrongfully neglects or refuses to pay over the money, and never in a case like the one under consideration, where the attorney and client contract with each other, the client paying to the attorney a fee for his services. The client is not entitled to recoupment from the attorney in violation of an admitted contract. Moreover, the attorney is entitled to an opportunity to pay over the money to his client before the institution of the proceedings.

For the reasons indicated the judgment is reversed with directions to dismiss the rule against appellant Evans.

Judgment reversed. Whole court sitting.